555 So.2d 924 (1990)
Robert E. LITTLETON, Appellant,
v.
Bobbie J. LITTLETON, Appellee.
No. 88-2688.
District Court of Appeal of Florida, First District.
January 16, 1990.
Sherry F. Chancellor, Pensacola, for appellant.
R. Larry Morris, of Levine, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellee.
ERVIN, Judge.
Robert E. Littleton, the former husband and appellant herein, seeks review of the final judgment dissolving his marriage to the appellee herein, Bobbie J. Littleton. He contends that the court did not equitably distribute the marital assets, that the alimony and insurance awards were excessive and/or unfair, and that the court erred in awarding attorney's fees to the wife. We affirm the judgment on all points, with *925 the exception of the health insurance provision, which is reversed and remanded.
The parties hereto were both 59 years of age at the time the divorce was granted. They were married in February 1951 and four children, all of whom have attained their majority, were born of the marriage. At the time of the divorce, Mr. Littleton was a full-time professor at the University of West Florida, with a base income of $36,997 for a nine-month period. In addition, he had also taught in the summer, increasing his income by $12,300, and he taught an extra course each semester, thereby increasing his income by another $9,000. As a result, he has earned between $50,000 and $60,000 every year since 1982. During the marriage Mrs. Littleton acted primarily as a homemaker, caring for the parties' minor children. Since 1970 she has worked as a substitute teacher, most recently earning $4,800 per year. Both parties have deteriorating health. The husband claims his health requires him to work less; consequently, he plans to work a regular course load for nine months, with no extra course or summer work in the future.
The trial court found that the marriage was irretrievably broken and granted the divorce. In dividing the parties' assets, it awarded the wife title and exclusive possession of the marital home, for which she was to be responsible for the mortgage, taxes and maintenance,[1] most of the household furnishings, the boat, motor and trailer, the 1980 Toyota, and her own IRA account. Mr. Littleton was awarded exclusive title and possession to his retirement account, which has a present value of $145,888 if he were to retire at age 62,[2] the airplane, computer, camera, camping equipment, antique furnishings, the 1987 Oldsmobile, and the 1982 Datsun.
The trial court also awarded Mrs. Littleton permanent alimony in the sum of $1,050 per month, and, in the event that the husband should work more than nine months per year, the wife would receive one-third of the net sum of money earned over and above his base income. The husband was directed to provide health insurance through his employer for the wife or to pay her $100 per month for the cost of same; to maintain a $50,000 life insurance policy on his own life, payable to the wife as beneficiary; and finally, to pay the wife's attorney's fees.
In reviewing marital dissolution proceedings, we are mindful of the warning given in Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980):
Dissolution proceedings present a trial judge with the difficult problem of apportioning assets acquired by the parties and providing necessary support. The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
Accord Diffenderfer v. Diffenderfer, 491 So.2d 265, 267-68 (Fla. 1986). Because the appropriate standard of review is abuse of discretion, this court should only disturb the lower court's ruling when no reasonable man would take the same view adopted by the trial court. Canakaris, 382 So.2d at 1203.
Initially, we find no abuse of discretion in the lower court's division of the marital assets. Neither do we find error in either the form (permanent rather than rehabilitative) or the amount of the alimony award.[3] *926 We likewise find no merit in appellant's challenges to the life insurance award[4] or the attorney's fee award.[5]
As for the husband's contention that the trial court erroneously considered his retirement plan as both a marital asset and as a source of income, we conclude that no such error occurred. In Diffenderfer, our supreme court concluded that a pension plan may properly be considered as either a marital asset for equitable distribution purposes or as a source of income for payment of alimony. The court, however, cautioned:
[I]njustice would result if the trial court were to consider the same asset in calculating both property distribution and support obligations. If the wife, for example, has received through equitable distribution or lump sum alimony one-half of the husband's retirement pension, her interest in his pension should not be considered as an asset reflecting his ability to pay.
Diffenderfer, 491 So.2d at 267. For proper application of the above language, it is essential for one to realize that the Diffenderfer decision was based upon the assumption that the husband would be retiring and that his pension would be his major source of income. See Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984).
Unlike the husband in Diffenderfer, appellant's retirement is not an established fact.[6] As stated in Carroll v. Carroll, 528 So.2d 931, 932-33 (Fla. 3d DCA), review denied, 538 So.2d 1255 (Fla. 1988),

Diffenderfer approved the consideration of pension benefits `as a source of payment of permanent periodic alimony,' ... in the context in which pension benefits are the present source of income for the party who is compelled to pay the alimony award. Indeed, it is only in this context that it can be said that the same asset is considered as both a marital asset subject to distribution and a factor in calculating a spouse's ability to pay support. But where, as here, the retirement benefits are not being used to pay alimony, there is no justification for excluding the benefits from the assets subject to distribution, since it cannot be said the same asset is being counted twice.
(Citation and footnote omitted.) See also Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988) (reversing trial court's order that treated husband's pension plan as source of payment for alimony rather than marital asset, because the husband had no present need for the benefits to fulfill his alimony obligations  he was currently employed). In that Mr. Littleton had not retired at the time the divorce was entered and therefore was not using or in need of his retirement plan as a source for paying the alimony award, the trial court properly considered the retirement plan as a marital asset for the purpose of equitable distribution. See McReynolds v. McReynolds, 546 So.2d 1153 (Fla. 2d DCA 1989).
We do find, however, that the trial judge erred in directing the former husband either to maintain the wife's health insurance through his employment or pay the wife $100 per month in order to defray her expenses for the purchase of medical insurance. The issue of health insurance was not raised in the pleadings, and it cannot be said that the matter was tried by the implied consent of the parties so as to justify the award. See Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977) (reversing dissolution judgment that awarded the wife lump sum and periodic alimony and a *927 special equity in husband's property, because issues were not raised in the pleadings and an objection was made at trial). Cf. Shrine v. Shrine, 429 So.2d 765 (Fla. 1st DCA 1983) (although rehabilitative alimony was not sought in the pleadings, issue had been tried by implied consent, because there was no objection when the issue was raised, no surprise or lack of notice, and counsel for both parties pursued the matter at trial). In the instant case, neither can it be said that Mr. Littleton, who was not represented by counsel at the final hearing, failed to object when the issue was raised. In fact, he adamantly refused to pay for the wife's health insurance. Nor can it be maintained that there was no surprise or lack of notice involved. It was Mrs. Littleton who introduced all of the relevant evidence regarding medical coverage and the record reflects that Mr. Littleton was not prepared to rebut the wife's evidence.
Although we are mindful that a court may properly order a former husband to pay a reasonable amount for medical insurance premiums for the wife as part of an alimony award,[7] the issue was not properly before the trial court,[8] and Mr. Littleton was not provided with sufficient opportunity to defend against Mrs. Littleton's claim therefor. Consequently, that portion of the judgment relating to the health insurance award must be reversed and the cause remanded for redetermination of the alimony award in light of this opinion.
The judgment is therefore AFFIRMED in part, and REVERSED in part, and REMANDED to the trial court for further proceedings consistent with this opinion.
WENTWORTH, J., concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge (dissenting).
The former husband challenges the appealed judgment of dissolution, contending that it makes an unfair distribution of the marital property and that the award of alimony and insurance benefits was not fair and equitable. I am unable to agree with the majority opinion that no error has been shown in respect to certain provisions of the final judgment.
In the first place, I do not agree that the provision awarding the former wife one third of the former husband's net income from working more than nine months a year is not before us for review; it clearly relates to the fairness of the alimony award. Unless the legality of that provision is reviewed on this appeal, there is no procedure whereby its validity can be challenged after this appeal has become final. Yet, this provision[1] is patently invalid under our decision in Hamilton v. Hamilton, 552 So.2d 929 (Fla. 1st DCA 1989). I would, therefore, vacate this provision of the final judgment as being contrary to law.
Second, I find merit in appellant's argument that the distribution of marital assets in a manner likely to subject his retirement plan income to alimony payments was unfair and not in accord with the law. In Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla. 1986), the supreme court cautioned against the injustice of distributing a spouse's pension plan as a marital asset *928 and also treating it as a source of income for alimony payments to the other spouse. The bulk of appellant's share of the marital assets is his retirement plan, yet the judgment leaves his income from that plan subject to payment of alimony to the former wife; the final judgment does not contain any provision that would protect appellant's retirement income from consideration in regard to his ability to pay alimony in the future. I strongly disagree with the majority's reference to this court's opinion in Diffenderfer, 456 So.2d 1214, as the basis for inferring that the supreme court's decision "was based upon the assumption that the husband would be retiring and that his pension would be his major source of income." (supra, p. 926.) Our opinion, and the assumptions made therein, were disapproved by the supreme court. To ascribe to the supreme court's opinion a meaning that would permit the retirement plan to be distributed as a marital asset, and thus free from further obligations as to the former wife, while contemplating that such income would be used to pay alimony to the wife in the future, flies directly in the face of the explicit caution set forth in the Diffenderfer opinion. The supreme court's opinion directed that Diffenderfer's pension plan be treated as a marital asset, and recognized that many problems might be encountered in respect to the proper disposition of the asset; but the opinion does make clear that the value of such benefit cannot be distributed as one spouse's share of the marital asset while subjecting the retirement income to payment of alimony obligations.
I agree with the majority that appellant's retirement is not an established fact. I recognize that appellant is not currently drawing any retirement pay and that this potential source of income does not enter into consideration of his present ability to pay alimony. But after this judgment and appeal have become final, how is appellant to be sure that this income cannot be considered in determining his ability to pay court-awarded alimony after he is no longer able to work and has become dependent upon his retirement income?[2] In short, I believe that the final judgment should contain some provision recognizing that this source of income has been distributed as the former husband's share of the marital assets and thus cannot be used as a source of alimony payments if the inequity identified in Diffenderfer is to be avoided. To this extent, I conclude that the trial court and the majority opinion have misapplied Diffenderfer and approved an inequitable disposition of this marital asset. I would thus vacate the provision distributing this marital asset and remand with directions either (1) to delete it from the former husband's share of the marital assets and leave it subject to use as a source of income for payment of alimony, or (2) to distribute it as a portion of the former husband's share of the marital assets with explicit provision that the income therefrom not be considered as a source of payment of the former wife's support alimony.
I agree with the majority that the issue of health insurance was not properly before the court and must be vacated.
NOTES
[1] The house was valued at $130,000, and the balance outstanding on the mortgage was $12,700.
[2] The retirement plan does not have a present cash value available to the husband.
[3] Any issue as to whether the additional one-third payment is an automatic increase in alimony based solely on an increase in the husband's income is not before us. Therefore, we specifically make no ruling in that regard.
[4] Although the husband refused to continue to carry the wife as the beneficiary on all of his life insurance, he did agree to carry insurance on his life in the amount of $25,000 with the wife as beneficiary. Considering the amount of insurance that Mr. Littleton owned ($137,000), we cannot say that the trial court's order directing that he maintain a $50,000 life insurance policy for the wife's benefit constituted an abuse of discretion.
[5] Attorney's fees are properly awarded when one party is in a financially superior position, even though the other party is not completely unable to pay. Canakaris, 382 So.2d at 1204-05.
[6] Mr. Littleton, when asked if he planned to retire at age 62, replied, "If I can." Because the former husband's retirement is not a conclusively established fact, he will not be precluded from seeking a reduction of the alimony award in the future should he find that he is unable to continue making the payments.
[7] See Inglett v. Inglett, 439 So.2d 1389, 1391 (Fla. 1st DCA 1983); Miller v. Miller, 466 So.2d 356, 357 (Fla. 5th DCA 1985).
[8] Cf. Schiffhauer v. Schiffhauer, 485 So.2d 838 (Fla. 1st DCA 1986) (trial court's order requiring the husband to bear all reasonable future medical costs wife might incur as a result of her herpes condition was within the scope of the relief sought in wife's prayer).
[1] The final judgment provides:

In the event that in the future Robert E. Littleton should experience a betterment in his health so that he may work in his profession, or otherwise, more than the nine month period contemplated by his contract with the University of West Florida he shall pay to Bobbie J. Littleton a sum of money equal to one-third of the net sum of money earned by him over and beyond that which will be paid to him for his teaching as a full time professor for the normal nine months contract. It is contemplated that the additional payment shall be based upon the net sum of money after taxes that Mr. Littleton will receive for any overtime work, extra course work, summer courses taught, or otherwise. He shall account to his former wife for such additional income and pay the same to her on a monthly basis as the same is received by him.
R. 204-205.
[2] The final judgment recites:

Mr. Littleton is a full time professor at the University of West Florida. His nine month contract calls for an income of $36,997.00 for a nine month period. In the past Mr. Littleton has taught a full time course in the summer school at the University thereby earning an additional $12,300.00, furthermore, he has taught an overload which consists of extra courses for which he is paid the sum of $3,000.00 for each extra course that he teaches. He has followed that work program for each of the three semesters in the year. The time has come when Mr. Littleton's health has eroded. He has had a severe heart problem and cannot, based on consideration of health and a normal desire to live, continue such a strenuous overload. It was testified by him that he has done the extra work thus far over the year in order to try, the best he could, to provide for his family. For the year of 1988-89 his contract calls for a nine month period of employment for the compensation stated. The Court finds that it is not reasonable to require him to continue to work overloads and also teach summer courses to the detriment of his health. A normal work program consistent with his health is all that, in reason, anyone should expect.
R. 201-202.