560 So.2d 403 (1990)
Rafael GARCIA, Appellant,
v.
Sailly GARCIA, Appellee.
Nos. 90-530, 90-446.
District Court of Appeal of Florida, Third District.
May 2, 1990.
*404 Andrew M. Leinoff, Coral Gables and Mark A. Gatica, Miami, for appellant.
Harvey D. Rogers, Miami, for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
PER CURIAM.
Rafael Garcia appeals an order setting temporary child support payments and an order of contempt. He also appeals an income deduction order which requires his employer to withhold 100 percent of Garcia's net pay.[1] We reverse.
Sailly Garcia moved for temporary child support for the one child of the marriage during the pendency of the matrimonial proceedings. The husband is employed by a family-owned business. In addition to receiving a salary, various expenses are paid for the husband by either the family business, or his father. This includes housing, a motor vehicle, credit card expenses, and certain other expenses. The wife and child are also provided free housing by the husband's father.
Because of the various expense payments, the wife argued that the child support guidelines do not apply and that additional income can be imputed to the husband. Insofar as pertinent here, the trial court ordered a child support payment of $325 per week, which exceeds the husband's net pay of $324 per week.
The orders must be reversed. First, in determining the parties' income levels under the child support guidelines, the court may consider "Reimbursed expenses or in kind payments to the extent that they reduce living expenses." § 61.30(2)(a)13, Fla. Stat. (1989). In this particular instance, both the husband and wife have some such additional income. The child support guidelines require, however, that the necessary computations be performed in accordance with the terms of the statute in order to arrive at a child support level. That was not done. Specific dollar values for the in kind contributions and reimbursed expenses must be determined, and the other statutory computations must be performed, in order to arrive at the parties' net income levels, a proper support amount, and the respective shares of support. There must be a new evidentiary hearing in order to arrive at a proper award under the child support guidelines. See § 61.30, Fla. Stat. (1989).
Second, the income deduction order is facially defective for violation of paragraph 61.1301(1)(b), Florida Statutes (1989), and the federal Consumer Credit Protection Act, 15 U.S.C. § 1673 (b), as amended. An income deduction order is in substance a continuing writ of garnishment and is, as a matter of federal and state law, subject to the percentage limitations set forth in the federal Act.[2] Indeed, paragraph 61.1301(1)(b) specifies several provisions that any income deduction order must contain; among other things, the order "shall ... *405 [d]irect a payor not to deduct in excess of the amounts allowed under s. 303(b) of the Consumer Protection Act, 15 U.S.C. s. 1673(b), as amended." § 61.1301(1)(b)(3), Fla. Stat. (1989). The trial court's order directed the employer to deduct amounts substantially in excess of those permitted by the federal Act and omitted the mandatory language just quoted.
Finally, the record does not support a determination that the husband had the ability to pay the amounts ordered, and therefore does not support the determination of willful contempt. See Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla. 1985).
The orders under review are reversed and the cause remanded for further proceedings consistent herewith.[3],[4] No motion for rehearing will be entertained.
NOTES
[1] Contrary to the wife's contention, the orders are appealable under Rule 9.130(a)(3)(C)(iii) and (iv), Florida Rules of Appellate Procedure. The trial court was entirely correct in concluding that it had the authority to reconsider the original support award, see Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1388 n. 2 (Fla. 3d DCA 1986), and cases cited therein. The order set a new support level nunc pro tunc, and is properly before us. Even if that were not so, the contempt adjudication and income deduction orders are independently appealable.
[2] Insofar as pertinent here, 15 U.S.C. section 1673(b)(2) provides:

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed 
(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;
except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 percentum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.
The terms "earnings" and "disposable earnings" are defined for purposes of the federal Act in 15 U.S.C. section 1672. See also id. § 1673(c) (prohibiting state court orders in excess of the limits just stated). See generally § 61.1301(1)(e), Fla. Stat. (1989) (requiring that court furnish obligor a statement of rights, remedies, and obligations under the income deduction order).
[3] There is some indication in the transcript that the trial judge actually intended the figure awarded to be monthly, rather than weekly. However, the multiple written orders all specify a weekly amount.
[4] By separate order this court will set a temporary support award pending the trial court's convening of a prompt hearing to set a temporary child support award consistent with the child support guidelines as well as section 61.1301, Florida Statutes, and 15 U.S.C. section 1673(b).