ALLEN, Judge.
These cases have been consolidated. Case No. 89-3272 is an appeal and cross appeal from a final judgment of dissolution of marriage. Case No. 90-2221 is an appeal from the trial court’s order denying the former wife’s motion for relief from judgment filed pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. In case no. 89-3272, the former wife argues that the trial court abused its discretion by failing to award her permanent periodic alimony. She also argues that the trial court abused its discretion in distributing the marital assets and liabilities. We find these arguments, as well as the other points raised by the parties, to be without merit. We also find the arguments raised by the former wife in case no. 90-2221 to be without merit. Accordingly, we affirm both the final judgment of dissolution of marriage and the order denying relief under Rule 1.540(b).
The evidence revealed that during their fourteen year marriage, the parties accumulated marital assets valued at approximately $195,000, and marital liabilities of approximately $185,000. The parties’ most valuable asset was the marital home, but the two mortgages on the home accounted for a considerable portion of the parties’ marital debt. Evidence also revealed that the former husband’s income was in excess of $70,000 per year, and that the former wife’s income was approximately $18,000 per year. Pursuant to the parties’ agreement, the former husband was awarded the primary custody of the parties’ children. In the final judgment, the trial court also awarded the former husband marital assets valued at approximately $180,000, including the marital home, but gave him full responsibility for all marital liabilities; awarded the former wife marital assets valued at approximately $15,000, with no responsibility for marital liabilities; and awarded the former wife rehabilitative alimony for seventeen months.
The former wife first argues that the trial court abused its discretion in failing to award her permanent periodic alimony. Because of the parties’ disparate earning capacities, an award of permanent periodic alimony might have been appropriate, but the former wife’s petition did not request an award of permanent alimony and our review of the record reveals that the issue was not tried by the express or implied consent of the parties. Where alimony has not been requested by the pleadings or tried by the consent of the parties, it may not be awarded. See Littleton v. Lit-tleton, 555 So.2d 924 (Fla. 1st DCA 1990). Accordingly, the former wife’s argument on this point must be rejected.
The former wife also argues that the trial court abused its discretion in distributing the marital assets and liabilities. We disagree. The value of the marital assets awarded to the former husband was completely offset by the marital liabilities assigned to him. Although the former wife was awarded only a modest portion of the marital assets, she was completely relieved of liability for the substantial debts which the parties had accumulated during the marriage. This does not appear to us to be an inequitable or unjust result. While the trial judge might well have awarded the former wife a larger portion of the marital assets and obligated her to repay a substantial portion of the marital debts, we do not find that his failure to do so was an abuse of discretion. See Cana-karis v. Canakaris, 382 So.2d 1197, 1202-1203 (Fla.1980).
We also find the remaining points raised by the parties in case no. 89-3272, as well as the arguments raised by the former wife in case no. 90-2221, to be without merit. Accordingly, the final judgment of dissolution of marriage and the order denying relief under Rule 1.540(b) are affirmed.
ERVIN and WOLF, JJ., concur.