PER CURIAM.
The final judgment is affirmed under authority of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). This ruling is without prejudice for either party to apply to the trial court for relief from a continuing writ of garnishment obtained by the former wife’s former counsel,[1] directed at the income of the husband, in an effort to collect former counsel’s judgment for attorney’s fees. The parties have asserted that counsel has garnished funds which were the source for the husband’s payment of child support and alimony, resulting in those obligations not being paid. If that is the case (and there has been no fact finding below on that point), the trial court has full authority to stay, modify, or condition the writ to assure (a) that alimony and child support payments have priority, and (b) that the husband has funds remaining on which to live. See Young, Stern & Tannenbaum, P.A. v. Ernst, 453 So.2d 99, 102-03 (Fla. 3d DCA 1984). See generally Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990); § 61.1301, Fla.Stat. (1989); Fla.R.Civ.P. 1.550(b).
We comment briefly on a matter which came to our attention during this appeal. At an earlier stage a fee dispute apparently arose between the former wife and her former counsel. From the materials before us it appears that former counsel wrote to his former client:
Today you told my secretary that you couldn’t pay this amount. I must therefore inform you that unless you stick to our agreement, I will consider the entire fee due and owing and will, take legal action against you. This could mean that I will end up receiving your child support payments rather than you.
Assuming that passage reflects what the lawyer intended to say,[2] it was entirely inappropriate. Counsel is not at liberty to suggest that he would proceed against his former client’s child support. If (as it appears) that was the intention, such an approach was unacceptable.
The final judgment is affirmed.

. The former counsel referred to in this opinion is not the counsel for the wife on this appeal.

. It is possible that it does not, since the letter indicated it was signed in counsel's absence by his secretary.