620 So.2d 225 (1993)
William D. BURKHART, Appellant,
v.
Jeri Lynn BURKHART, Appellee.
No. 92-4372.
District Court of Appeal of Florida, First District.
June 15, 1993.
*226 William H. Grant, III, Orlando Park, for appellant.
David B. Lee, Jr., Orange Park, for appellee.
PER CURIAM.
The husband appeals a non-final order requiring him to pay temporary child support for the benefit of his two minor children, and temporary spousal support to his wife, with whom he was engaged in dissolution proceedings. We reverse both awards, and remand for reconsideration in light of the following.
The order under review was issued in response to the wife's "Motion for Temporary Needs," in which she sought custody of the two minor children during the pendency of the dissolution proceedings and "a reasonable sum as and for support of the minor children of the parties." The Motion contains no request for spousal support, nor is there any indication that the wife's entitlement to same was tried by consent of the parties. Consequently, it was error to award the wife $50.00 per week as temporary spousal support. See Palumbo v. Palumbo, 576 So.2d 799 (Fla. 1st DCA 1991); Littleton v. Littleton, 555 So.2d 924 (Fla. 1st DCA 1990).
Concerning temporary child support, the order required the husband to pay $75.00 per child per week. No explanation was provided in support of this figure, nor does it appear that the trial court ever considered the child support guidelines which, we conclude, are applicable to temporary support awards. See Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990). If applied, the guidelines would have indicated a much smaller support award based upon the husband's net monthly income.[1] Of course, the trial court may consider a variety of factors in arriving at a final figure, but the guidelines represent the presumptive amount to be ordered as child support. See § 61.30(1)(a), (6), (10), Fla. Stat. (Supp. 1992). On the scant record before us, there is no indication that the trial court ever considered the guidelines. Consequently, we must reverse the award and remand for consideration in light of section 61.30, Florida Statutes.
BOOTH and MINER, JJ., and SHIVERS, Senior Judge, concur.
NOTES
[1] The husband's financial affidavit shows a net monthly income of $1,068.64 for purposes of applying the guidelines. According to the wife's affidavit, she is unemployed and without income.