STEVENSON, J.
This is an appeal of two non-final orders of the Palm Beach County circuit court, one partially granting the wife’s request for temporary alimony and child support, and the other denying the wife’s motion to compel return of papers from a forensic expert. We vacate the temporary support order and reverse the order disallowing return of the wife’s financial papers.

The temporary support order

In the instant case, the trial court fashioned the temporary support award by requiring that the husband pay the $4,217 mortgage on the home, continue to pay for medical insurance, and be responsible for half of all medical bills for the parties’ minor child pending the final dissolution order. Even though temporary relief awards are among those areas in which the trial courts have the greatest discretion, see Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996); Robbie v. Robbie, 591 So.2d 1006, 1008 (Fla. 4th DCA 1991), we find several problems with the temporary support order in this case.
First, it is evident that some amount of temporary support, both alimony and child support, is required for the wife in this case. The temporary support which was awarded is more illusory than not since the husband was required to pay the mortgage from the couple’s joint second mortgage *1143 equity credit line: the husband’s payment of the mortgage creates an obligation for the wife as well. Also, the husband was required to pay the medical insurance from the parties’ joint business account, now being funded only by the wife’s part-time employment.
Secondly, the court failed to identify which share of the award was for child support and which was intended to be alimony. Thus, we cannot determine whether the temporary child support portion of the award is appropriate in relation to the child support guidelines. See Burkhart v. Burkhart, 620 So.2d 225, 226 (Fla. 1st DCA 1993)(noting that child support guidelines are applicable to temporary child support awards); Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990)(same). On this record, it does not appear that the trial court gave any consideration to the requirements of the child support guidelines at all, as no income figures were determined for either spouse. See § 61.30, Fla. Stat. (1999). Despite the scant record, the trial court must take the financial affidavits and the other evidence presented and make the best determination it can on the available evidence.
Accordingly, we conclude that the trial court abused its discretion in making these awards, reverse the temporary support award in its entirety, and remand for a total reconsideration of the issue of temporary support.

The motion to compel return of documents

The wife hired accountant Emanuel Gerstein to do work for her in this dissolution action. At the time the wife filed her motion, Gerstein was withholding documents from the wife because she failed to pay him. The trial court denied the wife’s motion to compel because the wife “executed a contract that specifically said that [Gerstein] had the right to a retaining lien on all ... documents ... delivered to his firm by [the wife] ... until such time as full payment has been made.” Despite the “retaining lien” language in the contract, we find that the trial court erred in denying the wife’s motion to compel return of her financial papers from Gerstein. The parties provided no statute or case authority directly on point. The closest statute cited, Florida Statutes section 473.318 (1999), allows an accountant to retain his or her own papers “except for records which are part of the client’s records.” Section 473.318 speaks to the issue of the accountant’s papers but does not address whether an accountant may exercise a retaining lien over the client’s own records.
While no statute expressly allows accountants to assert a retaining hen, Florida Administrative Code Rule 61H1-23.002 precludes them from doing so. The rule requires an accountant to furnish to a client or to a former client, within a reasonable time after being asked, any documents or records of the Ghent’s which are in the accountant’s possession. Subsection (2) of the rule provides that “[a] licensee shall not withhold those items contemplated above under any circumstances following a demand for same from the client.” The rule contains no exception in the event the client agrees in writing to allow the accountant a retaining lien on the client’s records. Violation of the rule could result in the accountant’s suspension until the records are returned. See Fla. Admin. Code R. 61Hl-36.004(2)(h)4. Thus, we find that the trial court erred in failing to grant the wife’s motion to compel Gerstein to return all of the papers that she had provided in furtherance of their contract for forensic accounting services.
REVERSED and REMANDED.
WARNER, C.J., and SHAHOOD, J„ concur.