833 So.2d 803 (2002)
David Dean FLEISCHFRESSER, Appellant,
v.
Susan ACCURSIO, a/k/a Susan Fleischfresser, Appellee.
No. 3D02-1493.
District Court of Appeal of Florida, Third District.
October 30, 2002.
Perez-Abreu & Martin-Lavielle and Javier Perez-Abreu, Coral Gables, and Andy W. Acosta, for appellant.
Daniel Kaplan, Aventura, for appellee.
Before FLETCHER and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
David Dean Fleischfresser, the husband, appeals from a non-final order requiring him to pay temporary alimony and support to his wife, Susan Accursio, arguing that the trial court erred by entering its order without making the required findings of fact establishing the wife's need and his ability to pay, and by failing to apply the child support guidelines. We agree and reverse.
The trial court ordered the husband to pay, in addition to expenses which had been paid through the family business, a temporary award that appears to exceed the husband's ability to pay. If so, the trial court has abused its discretion. See Barclay v. Barclay, 554 So.2d 1191 (Fla. 2d DCA 1989); Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997).
Further, as the trial court failed to identify which share of the award was for child support,[1] we cannot determine whether the temporary child support portion of the award is appropriate in relation to the child support guidelines. See Burkhart v. Burkhart, 620 So.2d 225, 226 (Fla. 1st DCA 1993)(noting that child support guidelines are applicable to temporary child support awards); Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990)(same). *804 It does not appear on this record that the trial court gave any consideration to the requirements of the child support guidelines.
We reverse the order in its entirety and remand for a complete reconsideration of the issues of child support and temporary alimony, to include, inter alia, specific findings regarding the wife's need and the husband's ability to pay. If the trial court finds the temporary awards should have been set at a lower amount, the husband shall receive retroactive credit.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] An undifferentiated (combined) award of alimony and support was ordered by the trial court.