HAWKES, J.
The Former Wife appeals the trial court’s: 1) limitation of her cross examination of the Former Husband; 2) finding that the trust account inherited by the Former Husband was non-marital property; and 3) failure to consider how disbursements from the Former Husband’s non-marital assets during the marriage affected the parties’ standard of living, for the purpose of calculating alimony. We find the first two issues to be without merit and affirm. On the third issue, we reverse and remand for further findings by the trial court.
One of the criteria used in establishing the amount of permanent alimony is the standard of living established by the parties during the course of the marriage. See § 61.08(2), Fla. Stat. (2002); see also McCarty v. McCarty, 710 So.2d 713 (Fla. 1st DCA 1998). Where the parties’ standard of living required invading the principal of non-marital assets, the trial court must look to all the financial resources of the parties, including the invaded non-marital assets, when determining the amount of an alimony award. See Goodman v. Goodman, 797 So.2d 1282 (Fla. 4th DCA 2001)(holding that the husband’s $3.1 million inheritance which elevated the couple’s standard of living from “comfortable, middle class” to “affluent” during the final two years of the marriage, was relevant in determining the amount of the alimony award).
Unlike Goodman, in this case, the record does not indicate the non-marital assets were used to drastically alter the parties’ lifestyle, nor that they were used as the parties’ primary source of income. However, a question remains as to the extent the non-marital assets may have been used as an ongoing source of funds during the marriage. There was some evidence that indicated the Former Husband may have routinely paid the parties’ credit card bills and paid other expenses each month out of non-marital assets. If these routine payments were for debts incurred to pay everyday expenses, and as a consequence, the parties’ standard of living was enhanced, it would impact the amount of an appropriate award of alimony.
We conclude further factual findings are necessary to determine the amount of funds withdrawn from the trust account, the length of time over which these withdrawals occurred, and the extent to which these withdrawals were used to enhance the parties’ standard of living during the marriage. If the trial court finds that non-marital assets were used to enhance the parties’ standard of living, then the amount of alimony should be appropriately adjusted. Likewise, if non-marital assets were not used to enhance the standard of living, then no adjustment of alimony is necessary.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WOLF, C.J., and BROWNING, J„ concur.