*339
 
 KELLY, Judge.
 

 Elijah Dukes, the husband in this dissolution of marriage action, appeals from the order which awards the wife, Nishea N. Dukes, temporary child support and temporary alimony and makes several findings, which the husband contests. Because the order is inconsistent in some respects with the trial judge’s oral findings or contains findings the judge did not make at the hearing, we strike those portions of the order.
 

 On July 16, 2007, a hearing was held on the wife’s motion for temporary relief, during which the trial judge considered evidence concerning custody and visitation of the parties’ minor children, the wife’s need for temporary alimony, and various other issues.
 
 [1]
 
 Following the hearing, on August 1, 2007, the wife’s attorney submitted a proposed order directly to the judge without first sending a copy to the husband’s attorney for his comment. The following day, the husband’s attorney wrote to the judge and requested that he not enter the order until the husband’s attorney had an opportunity to review the proposed order and offer any changes. On August 8, 2007, the husband’s attorney corresponded with the wife’s attorney, pointing out numerous discrepancies in the proposed order. The husband’s attorney requested that she withdraw the proposed order and attached his own proposed order for her consideration. Before the husband’s attorney could submit his proposed order to the judge, the judge signed the wife’s attorney’s proposed order without alteration.
 

 On appeal the husband contends that the trial judge abused his discretion by adopting, verbatim, the wife’s proposed order. He argues that the signed order was inconsistent with some of the judge’s earlier rulings at the hearing, that it contained findings the judge had not made, and that he had not had the opportunity to properly object. We agree.
 
 See Plichta v. Plichta,
 
 899 So.2d 1283, 1285 (Fla. 2d DCA 2005) (reversing portions of the final judgment which contained several rulings that were not announced on the record where the husband had not been afforded an opportunity to object).
 

 The fact that the order was adopted from a proposal submitted by a party does not, standing alone, require reversal.
 
 M.D. v. Dep’t of Children & Family Servs.,
 
 924 So.2d 827 (Fla. 2d DCA 2005). However, when a trial court adopts verbatim a party’s proposed order, reversal is required when the findings in that order are inconsistent with an earlier pronouncement of the court, or when the record establishes that the order does not reflect the court’s “independent decision-making.”
 
 Id.
 
 at 831.
 

 Here, the order contains certain findings which either contradict the judge’s oral findings or address issues not reflected in the trial judge’s oral rulings. Although the trial judge signed the proposed order before the husband had an opportunity to voice his objections, we conclude that reversal of the entire order is not required because the judge made findings of fact and conclusions of law that provide a basis for much of the order. Accordingly, we strike the following paragraphs in the order that address material issues not reflected in the trial judge’s rulings: 5(b), 7(a), (8)(a), 9(a), C(2), C(3), F(l), F(4)-(7).
 

 The husband also argues that the award of temporary support to the wife includes children’s expenses which have already been accounted for in the child support
 
 *340
 
 award. However, the record on appeal does not include the wife’s financial affidavit. Therefore, this court cannot properly evaluate the husband’s claims based on the record before this court.
 
 See Esaw v. Esaw,
 
 965 So.2d 1261 (Fla. 2d DCA 2007).
 

 Affirmed in part; reversed in part.
 

 ALTENBERND and FULMER, JJ„ Concur.
 

 [1]
 

 . There was some discussion on the record regarding a domestic violence injunction; however, neither the record of that proceeding nor the injunction is in the record of this case; therefore, we decline to address any issues regarding the injunction.