PALMER, J.
 

 Ruben Gutierrez (father) appeals the order entered by the trial court adopting the recommendations of the general magistrate on the father’s motions to modify the parties’ child support obligations and child custody arrangement. Determining that the trial court erred in failing to hold a hearing on the father’s exceptions to the general magistrate’s report, we reverse.
 

 Post-dissolution, the father filed a petition seeking a downward modification of his child support obligation. He subsequently filed a supplemental petition to modify custody and other relief. The trial court referred the father’s supplemental petition to a general magistrate. The matter then proceeded to a hearing before the general magistrate. After receiving evidence, the general magistrate issued a report and recommendation. The father timely filed exceptions to the general magistrate’s report and requested a hearing on the exceptions. The trial court entered an order adopting the general magistrate’s report without holding a hearing on the exceptions.
 

 The father contends that the trial court’s order approving the general magistrate’s report must be reversed because the trial court failed to hold a hearing on the exceptions in spite of his request for such a hearing. We agree.
 

 Rule 12.490 of the Florida Family Rules of Procedure authorizes parties to file exceptions to a general magistrate’s report. The rule further instructs trial courts to conduct hearings on timely filed exceptions:
 

 Rule 12.490. General Magistrates
 

 * * ⅜
 

 (f) Filing Report; Notice; Exceptions. The general magistrate shall file the report and recommendations and serve copies on all parties. The parties may file exceptions to the report within 10 days from the time it is served on them.... If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
 

 Fla. Fam. L.R.P. 12.490(f). It is reversible error for a trial court to fail to conduct a hearing on timely filed exceptions.
 
 See Simmons v. Simmons,
 
 16 So.3d 878 (Fla. 5th DCA 2009)(holding that, because trial court failed to hold a hearing on husband’s timely filed exceptions to the general magistrate’s report before entering the final judgment in dissolution action, case would be remanded to the trial court to conduct an appropriate hearing).
 
 Accord Collado v. Pavlow,
 
 951 So.2d 69, 70 (Fla. 5th DCA 2007).
 

 Here, the father was entitled to receive a hearing on his exceptions to the general magistrate’s report because he did timely file his exceptions.
 
 [1]
 

 REVERSED and REMANDED.
 

 SAWAYA and ORFINGER, JJ„ concur.
 

 [1]
 

 . All of the other claims of error raised by the father in his appellate brief can be addressed
 
 *120
 
 by the trial court during the hearing on the father’s exceptions.