PER CURIAM.
Richard Berthold Nilsen, the Husband, appeals a non-final order establishing temporary alimony and child support to be paid to Candice Ann (Greenwell) Nilsen, the Wife. The Husband argues that the child support award is invalid because it does not comply with the requirement of section 61.30, Florida Statutes (2010), that a trial court provide an explanation for why the guideline amount would be unjust or inappropriate. He also argues that the total support award is defective because it is not supported by competent, substantial evidence of his ability to pay. We agree that the trial court reversibly erred with respect to the child support guidelines, but we conclude that the Husband has not shown preserved, reversible error as to the finding that he has an ability to pay the amounts ordered. As a result, we affirm in part and reverse in part.
Following a hearing on the Wife’s Motion for Temporary Relief, the trial court ordered the Husband to pay $5,000 per month in support, plus additional expenses, without determining his income. The $5,000 support award was labeled as alimony in the Order on Motion for Temporary Relief, but the record reveals that this amount was intended as an unallocated award consisting of both alimony and child support. The trial court verbally acknowledged that it did not “allocate[] between alimony and child support.” In the order, the court noted that it was “difficult in this particular case to compute temporary guidelines child support.” Based on these statements and the lack of an express allocation in the order, we conclude that the trial court failed to state the amount it was ordering for child support.
A support award that fails to differentiate between child support and alimony is improper because it renders the appellate court unable to determine whether the trial court applied the statutory child support guidelines set forth in section 61.30. Blum v. Blum, 769 So.2d 1142, 1143 (Fla. 4th DCA 2000). Those guidelines must be applied, even for temporary support purposes. Burkhart v. Burkhart, 620 So.2d 225, 226 (Fla. 1st DCA 1993). In this case, it is clear that the trial court failed to give sufficient consideration to the guidelines not only because it failed to state the amount of the award that was intended as child support, but also because it failed to calculate the Husband’s income. See Blum, 769 So.2d at 1143. Although the trial court may ultimately determine that the guideline amount is unjust or inappropriate, to make this finding the court must calculate what the guideline amount is. See § 61.30(l)(a) (“The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.”). This determination begins with a calculation of the parties’ incomes. § 61.30(2); see Shaw v. Nelson, 4 So.3d 740, 743 (Fla. 1st DCA 2009) (“In calculating child support, a trial court must determine each parent’s income.”). Because the trial court failed to give sufficient consideration to the guide *852 lines, we must reverse this aspect of the order.
The Husband also contends that there is insufficient evidence that he has the ability to pay the total amount of support ordered. We disagree. The record reveals substantial capital assets, including an unencumbered second home in Weston, Florida, which is valued at approximately $7 million. The Husband currently has the Weston home listed for sale and has received an offer to purchase it for $7 million. As a general rule, capital assets may be considered when determining a spouse’s ability to pay alimony. See Chastain v. Chastain, 73 So.2d 66, 68 (Fla.1954). Nevertheless, the Husband argues that under the facts of this case he should not be required to sell the Weston home to support his wife and children. This specific argument was not preserved for review, even though the trial court suggested on more than one occasion that the Husband may have to sell the Weston home for this purpose. Although the husband generally maintained that he had no ability to pay, he did not respond to the specific points about the option to sell the Weston home. As a result, the argument that he should not be expected to sell that home cannot be considered on appeal. See Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla.1987) (In order to preserve an issue for appellate l’eview, the specific legal argument or ground upon which it is based must be presented to the trial court.). When the evidence concerning the Weston home is considered, there is ample evidence that the Husband has the ability to pay the amounts of support ordered on a temporary basis.
For the foregoing reasons, we reverse the temporary order as to child support and affirm as to the finding of ability to pay. The case is remanded for reconsideration of the amount of temporary child support in light of the guidelines.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAVIS, LEWIS, and WETHERELL, JJ., concur.