NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUAN M. PEREZ,                        )
                                      )
              Appellant,              )
                                      )
v.                                    )        Case No. 2D15-2074
                                      )
ORIANA M. PEREZ,                      )
                                      )
              Appellee.               )
_____)

Opinion filed May 6, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Michael J. Scionti, Judge.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa; and Sema
Yildirim of Law Offices of Sema Yildirim,
P.A., Tampa, for Appellant.

No appearance for Appellee.


MORRIS, Judge.

              Juan M. Perez, the husband, appeals a nonfinal support order in

dissolution of marriage proceedings between him and the wife, Oriana M. Perez.  We

reverse the order because it failed to differentiate between child support and alimony.

              The parties married in 1999 and had twin sons in 2005.  The wife filed a

petition for dissolution of marriage in November 2014.  In February 2015, the husband

filed a motion for temporary injunction to prevent removal of the minor children and/or denial of passport services and a motion for emergency support, time-sharing, and other relief. Also in February 2015, the wife filed an emergency motion for temporary exclusive use and possession of the marital home, majority time-sharing, child support, spousal support, and attorney's fees. After an evidentiary hearing on March 2, 2015,[1] the trial court entered an order on April 7, 2015, setting an equal time-sharing schedule, ordering the wife to surrender the children's passports, and prohibiting either party from removing the children from the jurisdiction of the court. The trial court also granted the husband exclusive use of the marital home and directed the husband to pay for the wife's rental of a reasonably-priced apartment as well as the wife's moving expenses. The husband filed this timely appeal of that order.

The husband raises several issues on appeal. We find merit only in his contention that the order should be reversed because it does not differentiate between child support and alimony. The order requires the husband to pay for the rent of the wife's apartment as well as her moving expenses. But the order fails to identify that support as either alimony or child support.

"Even though temporary relief awards are among those areas in which the trial courts have the greatest discretion," it is improper for the trial court to fail "to identify which share of the award [is] for child support and which [is] intended to be alimony." Blum v. Blum, 769 So. 2d 1142, 1143 (Fla. 4th DCA 2000). This is because the child support guidelines are applicable to temporary child support awards and the trial court's

---

[1]The husband did not provide this court with a transcript of the hearing.

failure to identify a child support award makes it impossible to determine if the guidelines were followed. Id.; Nilsen v. Nilsen, 63 So. 3d 850, 851 (Fla. 1st DCA 2011). In addition, the trial court must make findings regarding the parties' incomes for purposes of applying the child support guidelines. Nilsen, 63 So. 3d at 851. The trial court failed to make any findings regarding the parties' incomes. Accordingly, we reverse the portion of the order addressing support and remand for the trial court to reconsider the issue of temporary support and to make the appropriate findings.

If the trial court makes an alimony award on remand, specific findings are required regarding the parties' needs and abilities to pay. See Fleischfresser v. Accursio, 833 So. 2d 803, 804 (Fla. 3d DCA 2002) (reversing temporary support order that failed to identify which share of the award was for child support or alimony and remanding "for a complete reconsideration of the issues of child support and temporary alimony, to include, *inter alia*, specific findings regarding" need and ability to pay). If the trial court orders alimony to be paid by one party to the other, it should make specific findings regarding amount so as to avoid confusion and possibly unnecessary further litigation between the parties.[2]

Reversed and remanded for further proceedings.

SILBERMAN and WALLACE, JJ., Concur.

---

[2]In the April 2015 order, the trial court ordered the husband to pay for a "reasonably-priced" apartment for the wife as well as moving expenses that she may "reasonably incur." The husband refused to pay until the wife provided a copy of the lease for the apartment and proof of the moving expenses, resulting in the wife filing a motion for contempt against the husband. This part of the litigation could have been possibly avoided if the trial court had been more specific regarding the amounts the husband was obligated to pay to the wife.