# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-1785

———————————————

AARON MATTHEW ERSKINE,

   Appellant,

   v.

LELA ANN ERSKINE,

   Appellee.

———————————————

On appeal from the Circuit Court for Santa Rosa County.
Marci L. Goodman, Judge.

December 14, 2018

PER CURIAM.

   Appellant, the former husband, appeals the trial court's non-final order on temporary relief for spousal support. In this marital dissolution case, Appellant raises two issues.

   First, he contends that he was entitled to a hearing on his exceptions to the magistrate's order. We agree. *Yoxsimer v. Yoxsimer*, 918 So. 2d 997, 999 (Fla. 2d DCA 2006) (holding that trial court deprived the wife of due process and departed from essential requirements of law when the wife was denied a hearing on the exceptions); *Knorr v. Knorr*, 751 So. 2d 64, 65-66 (Fla. 4th DCA 1999) (holding that Florida Family Law Rule of Procedure 12.490(f) derives from Florida Rule of Civil Procedure 1.490(h) and the language of the rule providing for a hearing on exceptions to a

magistrate's report has been held to be mandatory); *Gutierrez v. Gutierrez*, 48 So. 3d 118, 119 (Fla. 5th DCA 2010) (holding that it is "reversible error for a trial court to fail to conduct a hearing on timely filed exceptions"); *see also* Fla. Fam. L. R. P. 12.490(f). On remand, the trial court shall hold a hearing on the Appellant's Exceptions to the Magistrate's Report and Recommended Order on Wife's Motion for Reconsideration.

Second, Appellant contends that the trial court erred in awarding alimony and fees in excess of Appellee's need, funding an award by invading the principal of non-marital assets, and ordering alimony and child support in an undifferentiated amount. On this claim, we also agree. While temporary support awards are within the broad discretion of trial courts, the record must contain competent substantial evidence that demonstrates one party's need and the other party's ability to pay. *Buchanan v. Buchanan*, 225 So. 3d 1002, 1003 (Fla. 1st DCA 2017). Awards, whether temporary or final, should not be in excess of a recipient spouse's needs and an order awarding as much should be reversed. *Lin v. Lin*, 37 So. 3d 941, 942 (Fla. 2d DCA 2010). Further, in awarding attorney's fees, lower courts must make specific findings as to the hourly rate and number of hours expended. *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012). When determining the amount of an award, trial courts must look to all financial resources of the parties, including cases in which "the parties' standard of living required invading the principal of non-marital assets." *Stacpoole v. Stacpoole*, 856 So. 2d 1131, 1132 (Fla. 1st DCA 2003). Here, the record is unclear as to whether Appellant's non-marital accounts were invaded during the marriage to maintain a standard of living. Additionally, a trial court's determination of child support must begin with a calculation of the parties' income. *Shaw v. Nelson*, 4 So. 3d 740, 743 (Fla. 1st DCA 2009). Thus, further factual findings regarding these accounts and a calculation of the parties' incomes are necessary.

Moreover, reversal is required when a trial court adopts a proposed order for temporary support where some findings in the order contradict the trial judge's oral ruling. *Duke v. Duke*, 19 So. 3d 338, 339 (Fla. 2d DCA 2009). In the instant case, the trial court bypassed the oral pronouncement imputing minimum wage upon

2

Appellant and ordered an undifferentiated award to the Appellee in contradiction to the ruling at the hearing. An undifferentiated award such as this is improper because it renders this Court unable to determine whether the trial court properly applied the statutory child support guidelines. *Nilsen v. Nilsen*, 63 So. 3d 850, 851 (Fla. 1st DCA 2011).

REVERSED and REMANDED.

ROBERTS, MAKAR, and BILBREY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Trevor A. Thompson, Tallahassee, for Appellant.

Laura E. Keene, Pensacola, for Appellee.