FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D20-1018

_____

JOHN R. STEVENS,
Former Husband,

     Appellant/Cross-Appellee,

     v.

KIM TRAVERS,
Former Wife,

     Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Duval County.
Lance M. Day, Judge.

September 15, 2021


KELSEY, J.

This appeal is the continuation of nearly eight years of litigation, and involves four money-related issues that Former Husband raises, with three more that Former Wife raises on cross-appeal. We have carefully considered all arguments raised, and find merit only in Former Husband's argument that the financial obligations placed on him were contrary to the evidence of his ability to pay and failed to account properly for Former Wife's readily-available funds. We otherwise affirm on all issues raised in the appeal and cross-appeal.

This couple lived together for eight years before marrying, and were married for fourteen years. Hours before their wedding, they signed a prenuptial agreement, which the trial court invalidated (a ruling we affirm). They have two children, who attended private school. The older child attained majority during this litigation.

Former Husband retired from the military and then worked as a sheriff's deputy, through which he also got off-duty jobs. His monthly income varied somewhat throughout the proceedings below, but as a typical example included $1,754 in military retirement, $5,540 in salary, and $2,729 from off-duty work, totaling $10,023 gross monthly. Based on these typical amounts, at times during the litigation his net monthly income was about $5,870. Nevertheless, the trial court ordered Former Husband to pay $7,500 per month in undifferentiated alimony and child support—more than he brings home—retroactive to the date the petition for dissolution was filed.[1] Because Former Husband's net income was less than that, arrearages began accruing, and the trial court calculated those arrearages based on an obligation of $7,500 a month. Evidence from later periods reflects some modest increases in net income, against which Former Husband's obligation was still disproportionately high.

Former Wife was and remains medically unable to work, so the trial court declined to impute income to her. However, during the marriage she befriended a wealthy older man, and helped take care of him and his financial affairs. Through him, she had access to considerable money for her personal use, with no evidence of any limit placed on her access to such funds. This friend paid her attorney's fees during the litigation.

---

[1] In part, the trial court arrived at this figure by including in Former Husband's "annual" income $50,000, which reflected cash he had used to pay his attorney's fees. The court later determined that these funds would be reconciled through independent proceedings, but failed to go back and re-calculate annual income without this amount, which left the monthly obligation even more inflated than it already was.

Former Wife's wealthy friend died during the parties' dissolution litigation. Former Wife was the sole named beneficiary of his will and of a $3 million trust for her, and trustee of his estate assets. The probate of his estate remains pending, but the $3 million trust became Former Wife's immediately upon her friend's death, under trust documents requiring it to be distributed to her "outright and free of all trust." The undisputed evidence showed that Former Wife received and is using a very expensive home and several luxury cars in her position as trustee and beneficiary of her friend's estate and trust. Among the trust assets is a rental property producing $1,850 per month, which she receives. She has ready access to significant trust account funds, and admitted that she has the right to draw a salary from the trust and has drawn from the trust for her needs. The evidence showed that she has been spending each month an amount greater than Former Husband makes.[2]

On these facts, we find that the trial court erred in calculating both Former Husband's ability to pay and Former Wife's need. The law is well settled that a trial court must determine and balance need and ability to pay. § 61.08(2), Fla. Stat. (2014) (requiring court to "first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay"); § 61.16(6), Fla. Stat. (requiring court to consider both parties' relative financial resources in determining rights and obligations as to attorneys' fees). The law requires the trial court to make factual findings supporting its ultimate award. *See Abbott v. Abbott*, 187 So. 3d 326, 327–28 (Fla. 1st DCA 2016) (emphasizing statutory requirement of specific factual determinations as to need and ability to pay).

A trial court abuses its discretion in imposing financial obligations that "virtually exhaust[] the payor spouse's income and

---

[2] The trial court correctly noted that Former Wife's ultimate full inheritance from the estate, beyond the trust assets that became hers immediately upon her friend's death, is not yet a factor in establishing her financial need. When the probate case ends, Former Husband can file any appropriate motion based on a substantial change of circumstances.

leave[] him with practically no money to support himself." *Galligar v. Galligar*, 77 So. 3d 808, 811 (Fla. 1st DCA 2011). It is likewise improper to disregard funds available to one spouse who simply prefers to try to get the money from the other. *Sherlock v. Sherlock*, 199 So. 3d 1039, 1043 (Fla. 4th DCA 2016).[3]

Because the $7,500 obligation was never proper and then formed the basis of arrearage calculations, on remand the trial court must retroactively revise all calculations of Former Husband's ability to pay as to all obligations imposed on him, including attorneys' fees, if any. The trial court first must re-determine Former Husband's monthly obligations in light of his actual ability to pay, based on accurate financial information for each period after the date of filing the dissolution action. The court must differentiate alimony and child support obligations (the latter in accordance with the statutory guidelines), and ensure that Former Husband is appropriately credited for amounts paid, including the dollar-for-dollar credit for private-school tuition and books. Any arrearages substantiated after these recalculations (and recalculation of Former Wife's need as noted below) can then be determined and, if necessary, factored into future payment amounts to arrive at totals within Former Husband's then-existing ability to pay.

On the other side of the equation, the trial court abused its discretion in disregarding the assets available to Former Wife in determining her need for the amounts she sought from Former Husband. While her assets apparently stand to increase significantly upon conclusion of probate of her friend's estate, it remains true based on the record evidence that she had, and exercised (selectively) the right to use her friend's assets and then the trust assets throughout the pertinent time for all of her needs and wants, including payment of attorneys' fees. In light of this evidence, the trial court must recalculate Former Wife's actual need after taking into account all funds available to her from her

---

[3] In addition, the trial court erred in imposing an undifferentiated obligation of combined alimony and child support. *Erskine v. Erskine*, 262 So. 3d 223, 225 (Fla. 1st DCA 2018) (noting such an undifferentiated award leaves a reviewing court unable to determine compliance with statutory support guidelines).

wealthy friend's assets both during his lifetime and upon his death, and any other sources of funds.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

MAKAR and WINOKUR, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

Jessie L. Harrell of the Harrell Firm, Jacksonville, for Appellant/Cross-Appellee.

Lawrence C. Datz of Datz & Datz, P.A., Jacksonville, for Appellee/Cross-Appellant.