PER CURIAM.
This is an appeal from an order requiring the husband to pay temporary child support. We have jurisdiction. See Fla.R.App.P. 9.180(a)(8)(C)(iii). Because the trial court failed to apply the child support guidelines, section 61.30, Florida Statutes, we reverse and remand the case for further findings as to the proper amount of temporary support. See Finley v. Scott, 707 So.2d 1112 (Fla.1998). The child support guidelines apply to temporary support orders as well as support orders entered after final hearings. See Burkhart v. Burkhart, 620 So.2d 225 (Fla. 1st DCA 1993). On remand, the trial court may, once again, order the husband to pay temporary child support from his assets, but only if the court finds that his recurrent income including interest and dividends is insufficient to meet the needs of the children. See Sotoloff v. Sotoloff, 745 So.2d 959 (Fla. 4th DCA 1998); Dyer v. Dyer, 658 So.2d 148 (Fla. 4th DCA 1995).
Reversed.
BOOTH, ALLEN and PADOVANO, JJ., CONCUR.