PER CURIAM.
Appellant contests certain aspects of the trial court’s Final Judgment of Dissolution of Marriage. He raises six issues, arguing the trial court erred by: 1) ordering an in-kind real property distribution of a 90-acre tract owned by the parties; 2) attributing to active appreciation the entire increase in value of a parcel of land purchased by Appellant prior to the marriage; 3) awarding Appellee all but 11 items of furnishings in the marital home without determining the value of those assets; 4) failing to make the requisite findings of fact to support an unequal distribution of the parties’ marital pi-operty; 5) “enjoining” Appellant from access to a condominium owned by the parties’ real estate management partnership and “enjoining” Appellant from participating in the management of their partnership’s properties; and 6) awarding Appellee exclusive use and occupancy of the marital home prior to issuing a final judgment. We affirm without further comment as to Issues One, Two, Five, and Six. For the reasons explained below, we reverse and remand as to Issue Three, and remand as to Issue Four.

Factual Background

Incorporated in the final judgment is an Equitable Distribution table prepared by the court reflecting the real property and other assets owned by the parties’ property management partnership. Pursuant to the parties’ request, the trial court dissolved the partnership with instructions to liquidate the assets and distribute the proceeds evenly.
A second Equitable Distribution table is also incorporated in the final judgment identifying the parties’ marital and non-marital assets and furnishings, listing the values, and indicating the division. The total value of the assets distributed to Appellee favors her by approximately $133,000; this discrepancy is not addressed in the final judgment. The table includes a line item noting that each party was allocated a 50% share of the partnership’s assets and, in a footnote to this notation, the court noted, “The dissolution of the S & J Properties partnership will result in equal distribution of all cash AND non-cash assets such as property. Adjustments may be made to the cash assets to be distributed so they can be equal between the parties.”
The trial court also notes in this table that Appellant “claims an interest in the marital furniture, but the Court declines to distribute the marital furniture and rugs, and any other items ... because it has not been given an accurate fair market value for those items.” Instead, the court attached Appellee’s document entitled “Inventory of [Appellant’s] Premarital Furniture in Marital Home,” stating that it adopts the Inventory “for the purpose of determining which pieces are in fact [Ap *1143 pellant’s] premarital property.” Appel-lee’s inventory listed'll items.

Analysis

 Regarding the trial court’s distribution of the furnishings in the marital home, Appellant argues the trial court improperly awarded everything to Appellee except the furnishings listed on the inventory, without establishing a value for the remaining furnishings. Section 61.075(3)(b), Florida Statutes, provides that a judgment distributing assets in a dissolution proceeding shall clearly identify marital and non-marital assets, include an “individual valuation of significant assets,” and identify which spouse is awarded which assets. This holds true even if, as. here, neither party provides any evidence as to the value of certain assets. See Reddell, 899 So.2d at 1155 (citing Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997)). Consequently, it was error for the trial court to fail to identify and include a valuation of the marital home furnishings. See Lift v. Lift, 1 So.3d 259, 260 (Fla. 4th DCA 2009) (reversing trial court for failure to make specific findings of fact identifying and valuing parties’ assets). Thus, we reverse this portion of the judgment and remand for the trial court to make the requisite findings.
Regarding distribution of the non-partnership assets, it appears that the trial court’s distribution favored Appellee by nearly $133,000 without any explanation for the unequal distribution. As noted above, the trial court’s Equitable Distribution table includes a footnote stating, “The dissolution of the S & J Properties partnership will result in equal distribution of all cash AND non-cash assets such as property. Adjustments may be made to the cash assets to be distributed so they can be equal between the parties.” It is unclear whether the trial court is referring to an equal distribution of partnership property and cash assets only, or if it means that the unequal distribution of non-partnership assets will be rectified once the partnership’s assets are distributed. From the parties’ briefs, it is clear that they interpret the final judgment as resulting in an unequal distribution. Appellee argues that the unequal distribution “amounts to only 5% of the parties’ total net worth,” which it argues “is close enough to equal to be a sustainable distribution.”
“Close enough” is not the applicable standard for justifying an unequal distribution of marital and non-marital assets. Section 61.075(1), Florida Statutes, requires that when distributing the parties’ assets, “the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors” and lists ten factors that must be considered. This court has held that a “trial court may avoid the obligation to divide marital assets equally by making written findings justifying the decision.” Maddox v. Maddox, 750 So.2d 693, 694 (Fla. 1st DCA 2000). “The reviewing court should determine whether competent substantial evidence supports the equitable distribution of marital assets.” Id.
The ambiguity in the final judgment requires us to remand the matter to the trial court for clarification of whether it intended to provide an unequal distribution of property in Appellee’s favor. If it did not, the trial court should eliminate the ambiguity and clarify that it is distributing the parties’ assets equally. If the trial court’s intention is to make an unequal distribution, it must make the requisite findings necessary to support such a distribution.

Conclusion

For the foregoing reasons, with respect to Issues One, Two, Five, and Six, the *1144 judgment is AFFIRMED. The judgment is reversed REVERSED as to Issue Three and, as to Issue Four, REMANDED for proceedings consistent with this opinion.
VAN NORTWICK, THOMAS, and MARSTILLER, JJ., concur.