PER CURIAM.
We have for review a Final Judgment of Dissolution of Marriage. John M. Watson, Jr., the appellant and former husband, challenges the trial court’s equitable distribution, as well as the alimony, child support, and attorney’s fees awarded to Sharon Lee Watson, the appellee and former wife. As explained below, we reverse and remand.

I. Facts

The former husband initiated these proceedings by filing his Petition for Dissolution of Marriage, in response to which the former wife filed her Amended Answer. In her Amended Answer, the former wife asserted that she should be awarded alimony based on her need and his ability to pay, and that the former husband should be ordered to pay child support until their minor child turned nineteen or graduated from high school.
Subsequently, the trial court held a Final Hearing at which both the former husband and the former wife testified and presented evidence concerning their respective incomes, personal property located at rental storage facilities, personal and child support expenses, educational levels, earning capacities, and contributions to the marriage. Following the hearing, the trial court issued its Final Judgment, including findings as to the contribution each spouse made to the marriage, to the care and education of the children and services ren *342 dered as homemaker; as to the economic circumstances of the parties; as to the duration of the marriage; and as to the desirability of retaining any asset intact and free from any claim by the other party.
Concerning alimony, the trial court found that the former wife has a need for alimony and the former husband has the ability to pay, and that the marriage was of long duration and permanent periodic alimony was the only fair and reasonable form of spousal support under the circumstances. The trial court made findings as to the standard of living established during the marriage; as to the age and physical condition of each party; as to the financial resources of each party; as to the earning capacities, educational levels, and employa-bility of each party; as to the contribution of each party to the marriage; and as to all the sources of income available to each party.
Concerning child support, the trial court found that the parties were married from the date of separation, November 2010, until their minor child, Devin, was emancipated, May 2012; that Devin lived primarily with the former wife; that the former husband provided some money to Devin during that period, but did not provide any child support to the former wife; and that the child support guidelines filed by the former wife at the final hearing would be controlling on the question of child support.
Based upon the findings, the trial court ordered the former husband to pay the former wife retroactive child support from November 2010 to May 2012. The trial court ordered that each party receive the personal property presently in their respective possessions, and that the former wife would receive all the personal property in the storage facilities. The trial court ordered the former husband to pay prospective and retroactive permanent periodic alimony to the former wife. The trial court ordered the former husband to contribute to the former wife’s attorney’s fees and costs, based on her need and his ability to pay, and reserved jurisdiction to set the amount. Thereafter, the former wife filed her motion to tax attorney’s fees and costs. Following the denial of his motion for rehearing, the former husband instituted this appeal.

II. Analysis

A. Equitable Distribution

A trial court’s rulings regarding equitable distribution are reviewed for abuse of discretion. Boutwell v. Adams, 920 So.2d 151, 153 (Fla. 1st DCA 2006). The distribution of assets and liabilities should be equal, unless an unequal distribution is warranted under the statutory factors. Id. In the event of an unequal distribution, the trial court must include findings to substantiate the disparity. Id.
The former wife argues that the trial court’s distribution should be upheld because, under section 61.075(l)(j), the trial court may consider any factor necessary to do equity and justice when crafting a distribution of assets. According to the former wife’s reasoning, awarding her all of the items in storage, resulting in an unequal distribution, was justified because she had paid the costs to store the items, and testified that their total value was less than half of the storage costs.
While the goal of equity and justice is certainly a factor to be considered in constructing a distribution, it is not the only factor, nor does the statute provide that it should carry more weight than the other enumerated factors. See § 61.075(1), Fla. Stat. (2012). Rather, the statute provides that an unequal distribution can be made if it is justified after “all relevant factors” have been considered, including the factors *343 contained in section 61.075(l)(a)-(j). See Boutwell, 920 So.2d at 158; see also Wagner v. Wagner, 61 So.3d 1141, 1143 (Fla. 1st DCA 2011), reh’g denied, (holding that trial courts must consider the ten factors listed in section 61.075(1) when crafting an unequal distribution of marital assets).
In the Final Judgment section entitled “Findings Relative to Equitable Distribution,” it is apparent that the trial court considered the factors described in sub-parts (a), (b), (c), and (f) of section 61.075(1). The trial court also found that the former wife expended money to preserve the items held in the storage facility, and that the value of those items was less than half the cost of storage. Although this finding is listed under the section entitled “Findings Relative to Alimony,” it is perhaps congruent to the equitable distribution consideration contained in section 61.075(l)(j). Nonetheless, it is evident that the Final Judgment does not address those mandatory factors listed in subparts (d), (e), (g), (h), or (i) of section 61.075(1). Due to the omission of these statutorily mandated findings, we remand the equitable distribution portion of the Final Judgment to allow the trial court to make the requisite findings and, if necessary, craft a new equitable distribution scheme.

B. Alimony and Child Support

Because we remand the equitable distribution, we are constrained to remand both the alimony and retroactive child support awards. See Branch v. Branch, 775 So.2d 406, 408 (Fla. 1st DCA 2000) (reversal and remand of equitable distribution portion of final judgment necessitates remand of other financial aspects of the final judgment). We also note that, as the former wife candidly acknowledged in her Answer Brief and at oral argument, the trial court neglected to include in the Final Judgment all of the statutory findings relative to alimony, as required by section 61.08(2)(g), (h), and (j), Florida Statutes (2012). Therefore, on remand, the trial court should make these findings and, if necessary, tailor the alimony award accordingly. Because we find no abuse of discretion in the retroactive child support award, the trial court need revisit that award only if the equitable distribution is modified when the previously omitted statutory findings are made.

C. Attorney’s Fees

An award of attorney’s fees is reviewed for an abuse of discretion. Shelly L. Hall, M.D., P.A. v. White, 97 So.3d 907, 909 (Fla. 1st DCA 2012), reh’g denied. As stated by the Florida Supreme Court in Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991), in general, “a claim for attorney’s fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.” The Court instructed that “[t]he fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney’s fees only after judgment fails to serve either of these objectives.” Id. at 837 (citation omitted). The Court went on to craft an exception to this general rule: “[w]here a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.” Id. at 838 (citation omitted).
Here, the former wife did not request attorney’s fees or costs in her answer to the former husband’s petition for dissolution. According to the transcript in the record, attorney’s fees and costs were not discussed or litigated at the final hearing. The former wife’s initial request for attorney’s fees and costs was embodied in her *344 motion to tax fees and costs against the former husband, which was filed on October 22, 2012; eleven days after the trial court issued the Final Judgment which awarded fees and costs and the same day as the former husband filed his motion for rehearing.
Contrary to the former -wife’s assertion in her Answer Brief, it is not clear from the record that the former husband knew she was seeking fees and costs, or how he reasonably could have known she would be seeking them. This is a case where the general rule from Stockman applies; the former wife is not entitled to fees or costs because she failed to include a request for the same in her pleadings and the former husband was not otherwise on notice that fees and costs were being sought.

III. Conclusion

Accordingly, we reverse the portions of the Final Judgment pertaining to equitable distribution, alimony, and child support, and remand for further proceedings; we reverse the award of attorney’s fees without remand.
BENTON and PADOVANO, JJ., and SENTERFITT, ELIZABETH, Associate Judge, concur.