IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BRAD E PARKER,

      Appellant,

v.

JODIE ANN PARKER,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6135

Opinion filed July 25, 2014.

An appeal from the Circuit Court for Santa Rosa County.
John Miller, Judge.

Brad E Parker, pro se, Appellant.

Aaron B. Wentz of Aaron B Wentz, P.A., Ft. Walton Beach, for Appellee.

WOLF, J.

      In this appeal of a November 26, 2013, order modifying child support and granting motion for contempt for enforcement, the parties agree that the trial court erred in utilizing the mother's income as reported in her bi-weekly pay statement as her monthly income. The parties also agree that the trial court failed to comply

with section 61.30(3), Florida Statutes (2013), in determining the correct deductions from the mother's gross income.

The standard of review from the grant of a child support award is abuse of discretion. Seward v. Fla. Dep't of Rev., 794 So. 2d 614, 615 (Fla. 2d DCA 2001). A reviewing court will affirm an award of child support if it is supported by substantial, competent evidence in the record. Reddick v. Reddick, 728 So. 2d 374, 375 (Fla. 5th DCA 1999). Finding no substantial, competent evidence to support the trial court's finding of the mother's net income, we reverse and remand.

In doing so, we remind the parties and the trial court that the definition of "gross income" includes "allowances," per section 61.30(2)(a), Florida Statutes (2013), and that support for each child continues until the child turns nineteen or graduates from high school, whichever occurs first, per the marital settlement agreement.

On remand, the trial court is to reconsider the calculation of the father's arrearages in light of the corrected modification of support and to ensure that substantial, competent evidence supports any calculations of those arrearages, including evidence of the father's actual payments during the relevant period. Because we remand for correction of the underlying support and recalculation of arrearages, we must also reverse any findings that the father is in contempt. See Brennan v. Brennan, 122 So. 3d 923, 927 (Fla. 4th DCA 2013). We also remind

the trial court that any findings of contempt must comply with Florida Family Law Rule of Procedure 12.615(d)(1).

Finally, the trial court is directed to consider the relative financial resources of the parties in accordance with section 61.16, Florida Statutes (2013), when ruling on any requests for attorney's fees pursuant to that section.

Therefore, the November 26, 2013, order is REVERSED and REMANDED for proceedings consistent with this opinion.

LEWIS, C.J., and WETHERELL, J., CONCUR.