DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOWARD ELIAS,**
Appellant,

v.

**CINDY ELIAS,**
Appellee.

No. 4D14-1854

[July 1, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 2013DR006430XXXXSB.

Howard M. Rudolph and Caryn A. Stevens of Rudolph & Associates LLP, West Palm Beach, for appellant.

Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellee.

PER CURIAM.

Howard Elias, the husband, appeals a non-final order on temporary child support in his pending dissolution of marriage proceeding. This court has jurisdiction pursuant to rule 9.130(a)(3)(C)(iii)a. We reverse.

In determining that neither party needed to pay child support to the other, the trial court concluded that the wife's annual income of over $1 million allowed her to provide for most of the children's needs by direct payments to vendors and providers, as she volunteered to do. The court treated any expenditures on the parties' three minor children made by the husband, who enjoys fifty-percent time-sharing, as largely incidental. Over his objection, the trial court declined to apply the child support guidelines contained in section 61.30, Florida Statutes (2014). This was error.

The guidelines are the starting point for determining temporary child support, just as they are for final child support orders. § 61.30(1)(a), Fla. Stat. (2014) ("The child support guideline amount as determined by this

section presumptively establishes the amount the trier of fact shall order as child support . . . . This requirement applies to any living arrangement, whether temporary or permanent."); *Migliore v. Migliore,* 792 So. 2d 1276, 1277 (Fla. 4th DCA 2001); *Hauser v. Hauser,* 778 So. 2d 309, 310 (Fla. 1st DCA 2000); *Burkhart v. Burkhart,* 620 So. 2d 225, 226 (Fla. 1st DCA 1993).

After calculating a guideline amount based on each parent's net monthly income and the children's need for support, the trial court may deviate from the guideline amount based on a variety of factors. § 61.30(1)(a), (11), Fla. Stat. (2014). But child support pursuant to the guidelines must be determined before the trial court deviates. *See generally Finley v. Scott,* 707 So. 2d 1112, 1117 (Fla. 1998); *Crouch v. Crouch,* 898 So. 2d 177, 180-81 (Fla. 5th DCA 2005).

On remand we direct the trial court to follow the statutory procedure.

*Reversed and remanded.*

CIKLIN, C.J., WARNER and STEVENSON, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***

2