NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EVANGELOS KYRIACOU,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D14-1915
                                       )
CYNTHIA KYRIACOU,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed August 26, 2015.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Matthew S. Toll and Stephen N. McGuire,
II, of Toll Law, Cape Coral, for Appellant.

Robert B. Burandt of Burandt, Adamski &
Feichthaler, P.L., Cape Coral, for
Appellee.


SALARIO, Judge.

        Evangelos Kyriacou, the former husband, appeals from the final judgment

of dissolution of his marriage to his former wife, Cynthia Kyriacou.  We reverse the trial

court's decision to make an unequal equitable distribution award because the record

contains no indication that it considered the factors listed in section 61.075(1)(a)-(j),

Florida Statutes (2011), in making that award.  In light of that holding and an apparent

concession of error by the former wife, we also reverse the trial court's valuation of certain marital assets. In all other respects, we affirm the final judgment without additional discussion.

The trial court awarded an unequal equitable distribution of marital assets based on its finding that such a distribution was "equitable based upon the facts of the case including the Husband's superior ability to earn wages as compared to the Wife." Section 61.075(1) provides that, in distributing marital assets, "the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors," including ten items listed in subsections (a) through (j). Subsections (b) and (j)—providing for consideration of "[t]he economic circumstances of the parties" and "[a]ny other factors necessary to do equity and justice between the parties," respectively—by their plain terms permit a trial court to consider wage-earning ability in awarding an unequal distribution of marital assets. However, disparate earning capacity, without more, cannot act as the sole basis for unequal distribution. David v. David, 58 So. 3d 336, 338 (Fla. 5th DCA 2011). Furthermore, a trial court must consider the remaining factors listed in section 61.075(1) when making such an award.

A trial court's failure to consider whether to award an unequal distribution in light of each of those factors is an abuse of discretion. See Feger v. Feger, 850 So. 2d 611, 615 (Fla. 2d DCA 2003) ("[T]he court must specifically address the facts pertinent to each statutory consideration to support its decision to distribute the marital assets in an unbalanced manner . . . ."); see also Watson v. Watson, 124 So. 3d 340, 342-43 (Fla. 1st DCA 2013) ("[T]he statute provides that an unequal distribution can be

- 2 -

made if it is justified after 'all relevant factors' have been considered, including the factors contained in section 61.075(1)(a)-(j)." (citation omitted)); <u>Wagner v. Wagner</u>, 61 So. 3d 1141, 1143 (Fla. 1st DCA 2011) (" 'Close enough' is not the applicable standard for justifying an unequal distribution of marital and non-marital assets. Section 61.075(1), Florida Statutes, . . . lists ten factors that <u>must</u> be considered." (emphasis added)). In this case, there is no indication in the final judgment or the transcript of the evidentiary hearing on the petition that the trial court considered any factor other than the parties' relative future earning capacity in making an unequal award. Unfortunately, the trial court's generic reference to "the facts of the case" does not provide a basis to conclude that the trial court actually considered the factors listed in section 61.075(1). See <u>Feger</u>, 850 So. 2d at 615. Accordingly, we are constrained to reverse the equitable distribution portion of the final judgment and remand for the trial court to consider section 61.075(1) in its entirety before deciding on an equitable distribution award.

With respect to the valuation of marital assets, the equitable distribution worksheet attached to the judgment shows that the distributed assets included the proceeds from the sale of a restaurant, the proceeds from the sale of a condominium, and the proceeds from the payment of a BP Gulf of Mexico oil spill claim. Although the record does not disclose the trial court's reasons for assigning the values it did, the parties' briefs suggest that it did so, at least in part, based on a determination that the former husband improperly dissipated marital assets. The former wife acknowledges that the trial court's conclusions regarding the value of the assets "may have been based on an improper premise" but argues that it nonetheless reached the right result in its ultimate equitable distribution calculations.

In light of the former wife's effective concession of error, our inability to discern from the record why the trial court ascribed the values that it did, and our reversal on the issue of unequal distribution—a distribution that necessarily relies on the determination of the content and valuation of any marital assets—we further reverse and remand for the trial court to reconsider and make all necessary findings in support of the inclusion and valuation of the subject assets before recalculating the equitable distribution amounts.[1] To the extent alleged wrongful dissipation of those assets by the former husband is a basis for any valuation on remand, we note the following:

> The evidence must support and the trial court must make a specific finding that a party engaged in intentional misconduct that resulted in the dissipation of a marital asset during the dissolution proceedings before the trial court can include that asset in the equitable distribution scheme. . . . Without evidence and a specific finding of misconduct, the trial court abuses its discretion in including a dissipated asset in the equitable distribution scheme.

Tradler v. Tradler, 100 So. 3d 735, 740-41 (Fla. 2d DCA 2012) (citations omitted).

Affirmed in part, reversed in part, and remanded.

WALLACE and BLACK, JJ., Concur.

---

[1]The former wife alleged that the former husband arranged to sell his restaurant to a friend for a price much less than the parties originally paid and that he subsequently arranged for it to be resold to a third party at a higher price. She also alleged that he sold their condominium to his girlfriend's sister for less than it was worth and that he dissipated the proceeds from the BP oil spill claim. We make no comment on these allegations. Whether these allegations are credible and sufficient to warrant a finding of improper dissipation is for the trial court to determine on remand.