PER CURIAM.
This appeal arises from a final order of dissolution of marriage establishing parental responsibility, child support, and the distribution of marital assets. We reverse because the trial court did not make certain required findings.
The parties in this case were married in 1999 and have two minor children. Both parties filed petitions for divorce in 2014. The trial court held a final hearing on their petitions in 2015 and: (1) ordered shared parental responsibility, but granted Appel-lee ultimate decision-making authority with respect to the minor children’s healthcare needs, school-related matters, and other activities; (2) awarded Appellee approximately sixty percent of the marital assets on the basis that Appellant earned more income; (3) ordered Appellant to pay $1,400 a month in child support; and (4) awarded Appellee $2,500 attorneys’ fees.
Parental Responsibility
This Court reviews a trial court’s decision regarding parental responsibility under the abuse of discretion standard, reviewing specifically whether competent, substantial evidence supports the trial court’s decision. Smith v. Smith, 9.71 So.2d 191, 195 (Fla. 1st DCA 2007). Trial courts must order shared parental responsibility *1172 in dissolution cases unless it would be detrimental to the child. § 61.13(2)(c)2., Fla. Stat. “This relationship contemplates that the parties will mutually confer on major decisions (e.g„ medical, religious, educational) affecting the child’s welfare and will reach agreement.” Smith, 971 So.2d at 195. If it is in a child’s best interest, the court may award ultimate decision-making authority to just one parent. See § 61.13(3)(a)-(t), Fla. Stat. (listing non-exclusive statutory factors to be evaluated in determining the best interests of the child); see also Fazzaro v. Fazzaro, 110 So.3d 49, 51-52 (Fla. 2d DCA 2013). Here, the trial court assigned one parent to be the ultimate decision maker with respect to the children’s healthcare needs, school related matters, and other activities, but provided no justification for preferring that parent. Because the order provided no basis for assigning Appellee as the ultimate decision maker, the order must be reversed.
Distribution of Marital Assets
We review a trial court’s ruling on equitable distribution of marital assets under the abuse of discretion standard. Stough v. Stough, 18 So.3d 601 (Fla. 1st DCA 2009). In a dissolution of marriage proceeding, the distribution of assets and liabilities must be equal unless an unequal distribution is warranted under the statutory factors listed in § 61.075(l)(a)-(j), Florida Statutes. See Watson v. Watson, 124 So.3d 340, 342 (Fla. 1st DCA 2013). Before a trial court may unequally distribute marital assets and liabilities, it must consider the relevant statutory factors. Id. at 342-43. The trial court did not equally distribute the assets in this case, but required Appellant to take sole possession of a certain loan obligation because he had a higher income. The court did not evaluate the statutory factors. Thus we reverse and remand so that the trial court may consider and make required findings before making an unequal distribution in Appellee’s favor, Wagner v. Wagner, 61 So.3d 1141, 1143 (Fla. 1st DCA 2011).
Child Support
We review a trial court’s award of child support under the abuse of discretion standard. Parker v. Parker, 141 So.3d 1291 (Fla. 1st DCA 2014). A trial court determines the amount of child support a party owes by utilizing the guidelines set forth in § 61.30, Florida Statutes. Because the trial court failed to apply these child support guidelines, we reverse and remand for further findings as to the proper amount of support. Hauser v. Hauser, 778 So.2d 309, 310 (Fla. 1st DCA 2000); Elias v. Elias, 168 So.3d 301, 302 (Fla. 4th DCA 2015).
Attorneys’ Fees
We review a trial court’s award of attorneys’ fees in a dissolution of marriage case under the abuse of discretion standard. Keena v. Keena, 245 So.2d 665 (Fla. 1st DCA 1971). In dissolution cases, the standard for awarding attorneys’ fees is “the financial need of the requesting party factored with the financial ability of the other party to pay.” Lovell v. Lovell, 14 So.3d 1111, 1116 (Fla. 5th DCA 2009). A critical factor for a trial court to consider in awarding fees is the financial situation of the parties after the dissolution proceeding has concluded. Id. (directing courts to determine attorney’s fees after the dissolution proceeding has concluded, based upon the parties’ resulting financial situation). Because we are reversing the distribution of marital assets and child support allocation made in the final judgment, we must also reverse the award of attorneys’ fees. Id.
*1173 Conclusion
For these reasons, we REVERSE and REMAND for further proceedings consistent with this opinion.
OSTERHAUS, JAY and WINSOR, JJ., CONCUR.