DELL, Chief Judge.
Appellant has failed to demonstrate the trial court abused its discretion in either its award of temporary support or suit money. We reject appellant’s argument that Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA1991) requires reversal because the trial court failed to include in its order the specific findings on which the trial court based its award of temporary fees. In Robbie, this court said:
Specific findings regarding allowances for temporary or prospective fees are especially needed when one considers the limited scope of review under the abuse of discretion test. This means that the trial court should determine on the record whether there is a financial disparity, the extent to which legal services are available to the party with the financial ability to pay, the extent to which those available resources will be used by that party in view of the particular issues to be litigated, the extent to which the needy party lacks similar litigation resources, and the amount necessary to equalize the representation of the parties.
Id. at 1010 (emphasis added). Appellant seeks to extend the advisory language contained in Robbie, “should determine on the record,” to a mandatory requirement. The foregoing passage directs the judge to fix the amount of a temporary fee award by making the analysis described. The factors described will be determined based on record evidence. Robbie does not require that the trial judge necessarily make such specific findings either in writing or orally on the record. Robbie did not create a per se reversible error rule to be applied whenever a trial court fails to make explicit findings in support of its temporary fee award.
Here the record contains sufficient evidence to support the amount of suit money awarded at the temporary relief hearing. We find no basis for appellant’s concern that the trial court’s order impeded her right to file additional applications for temporary suit money if the need arises. As we pointed out in Robbie,
For one thing, section 61.16 allows such applications “from time to time.” Hence in one dissolution case, a single interim award may be all that is necessary to level the playing field, while in another case monthly or other periodic applications may be called for.
Id. at 1009-10.
Accordingly, we affirm the trial court’s order on temporary support.
AFFIRMED.
ANSTEAD and GUNTHER, JJ., concur.