DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SEAN MOORE,**
Appellant,

v.

**TERESA KELSO-MOORE,**
Appellee.

No. 4D14-1189

[November 19, 2014]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. 13-10749 FMCE.

Karen Coolman Amlong, Jennifer Daley and Alison Churly-Davis of The Amlong Firm, Fort Lauderdale, for appellant.

Liana M. Carrozza and Joel L. Kirschbaum of Kirschbaum, Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, for appellee.

WARNER, J.

A husband appeals an order granting the wife's motion for temporary relief of an award of attorney's fees in this dissolution of marriage action. The trial court found that the hours expended were unreasonable but failed to determine a reasonable number of hours or specify the reasonable hourly rate. Because the amount awarded appears inconsistent with the trial court's pronouncements, we must reverse and remand for further proceedings.

Although the husband stipulated to the reasonableness of the hourly rate charged by the principal lawyer representing the wife, he contested the reasonableness of the hours billed. The court agreed with his assessment, noting that the wife's firm had expended 500.3 hours for the about the same work that the husband's firm had expended 154.35 hours. The wife's law firm had used block billing, which made it impossible to determine the reasonableness of the hours expended on several matters. Moreover, the court found in its review of the wife's attorney's billing that

the firm engaged in "excessive hand holding" for the wife. The court, however, did not make any findings as to the reasonable number of hours or reasonable hourly rates of law firm members. Instead, it ordered the husband to pay $97,538.70 in attorney's fees to date, as well as $6,200 in temporary costs, less the $12,000 previously paid by the husband.

Try as we might, we cannot decipher these numbers to determine whether the award to the wife is an abuse of discretion, particularly given the fact that the trial court appears to have sided with the husband regarding the excessiveness of the hours spent by the wife's firm in the litigation. Although in *Piluso v. Piluso*, 622 So. 2d 117 (Fla. 4th DCA 1993), we held that it is not per se reversible error when the trial court fails to make explicit findings in support of a temporary award of fees, we concluded that the record in *Piluso* contained sufficient evidence to support the amount of fees awarded. We cannot say the same in this case. The fees awarded appear to be the lion's share of the hours expended, which would conflict with the trial court's other findings. Consequently, we reverse and remand for the trial court to make sufficient findings on reasonable hours and hourly rates, without which we cannot conduct a meaningful review. *See, e.g.*, *Bogos v. Bogos*, 821 So. 2d 383 (Fla. 2d DCA 2002).

The husband also contends that there was no evidence to support the reasonableness of the hourly rate of the associate and paralegal who worked on the file. However, section 61.16(1), Florida Statutes, expressly does not require corroborating expert testimony to support an award of fees. As the wife's principal attorney testified to the rates charged and the husband provided no contrary evidence, the trial court could rely on those rates in setting the fee.

The remaining issue the husband raises concerns the interpretation of a mediation agreement provision regarding prevailing party attorney's fees and how it applies to the issues in this case. Resolution of this issue is premature for the purpose of awarding temporary attorney's fees.

*Reversed and remanded for further proceedings consistent with this opinion.*

MAY and CONNER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**