PER CURIAM.
James Edwin Trainor, the husband in this marital dissolution case, appeals the trial court’s order granting the wife, Kim: berly Trainor, temporary alimony and attorneys’ fees. We affirm the award of temporary alimony but remand for the trial court to address the reasonableness of the wife’s attorneys’ fees.
“In every proceeding for dissolution of the marriage, a party may claim alimony and suit money in the petition or by motion, and if the petition is well founded, the court shall allow a reasonable sum therefor.” § 61.071, Fla. Stat. (2014). “[T]en> porary relief awards are among the areas where trial judges have the.very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.” Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996).
The standard of review of an order for an award of temporary spousal support is abuse of discretion. Robbie v. Robbie, 591 So.2d 1006, 1008 (Fla. 4th DCA 1991). The test for abuse of discretion is whether the trial court’s action was “arbitrary, fanciful, or unreasonable.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1942)).
The standard of review for an award of attorneys’ fees is also abuse of discretion. Hallac v. Hallac, 88 So.3d 253, 256 (Fla. 4th DCA 2012). While a trial court has broad discretion in making an award of temporary attorney’s fees, the trial court must make sufficient factual findings as to the reasonableness of the time expended and the hourly rates. Baker v. Baker, 35 So.3d 76, 77 (Fla. 2d DCA 2010).
After weighing the wife’s need for support and the husband’s ability to pay, we find no abuse of discretion regarding the trial court’s determination that the wife shall receive $2000 each month in temporary spousal support. We also find no abuse of discretion in the trial court’s ruling that the husband shall pay the wife’s attorneys’ fees. However, we find that the trial court failed to address the reasonableness of the wife’s attorneys’ fees, both with respect to the number of hours expended and the hourly rate.
We thus affirm the temporary relief order and remand only for the trial court to address the reasonableness of the Wife’s attorneys’ fees.

Affirmed in part, and Reversed and Remanded in part.

GROSS and TAYLOR, JJ., concur.
FORST, J., concurs in part and dissents in part with opinion.