Per Curiam.
Otto Van Maerssen (“the husband”) appeals, and Diana Gerdts (“the -wife”) cross-appeals, the trial court’s order on the wife’s motion for temporary support and suit money. The court awarded the wife $6,500 per month in temporary undifferentiated spousal and child support, $10,000 toward her past and future attorney’s fees, and $10,000 toward her past and future accounting fees. We find no error in the award of temporary attorney’s fees and accounting fees, but we reverse and remand the award of temporary undifferentiated spousal and child support.
The parties were married for almost eighteen years and have one child. The husband is employed by the federal government. The wife was primarily a stay-at-home mother during the marriage and has some medical problems that restrict her ability to work. Shortly after the husband filed a petition for dissolution of marriage in December 2014, the wife filed an urgent motion for temporary support and suit money.
At the hearing on the wife’s motion, both parties’ financial affidavits and the husband’s two most recent pay stubs were introduced. The wife also presented the testimony of a forensic accountant. The accountant calculated the wife’s personal need to be approximately $4,500 per month, in addition to the husband continuing to pay certain expenses including the mortgage, automobile expenses, and certain child-related expenses. The accountant also testified that the guideline child support was $698 per month.
The trial court found that the wife had the need for temporary support and the husband had the ability to pay. The court awarded the wife $6,500 per month in “temporary undifferentiated spousal and child support” and also ordered the husband to pay certain child-related expenses directly.
• This timely appeal and cross-appeal follow.
We review the trial court’s order for an abuse of discretion. “Temporary relief awards ‘are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.’ ” Mullins v. Mullins, 799 So.2d 450, 451 (Fla. 4th DCA 2001) (quoting Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996)). But temporary relief awards must be supported by competent, substantial evidence. See Bengisu v. Bengisu, 12 So.3d 283, 286 (Fla. 4th DCA 2009). The court does not need to make explicit findings, but there must be sufficient evidence in the record to support the amount awarded. See Moore v. Kelso-Moore, 152 So.3d 681, 682-83 (Fla. 4th DCA 2014); Piluso v. Piluso, 622 So.2d 117, 118 (Fla. 4th DCA 1993).
We cannot determine whether the court’s award in this case of $6,500 per month in temporary support is supported by the evidence. Although the court’s order requires the husband to continue to pay certain child-related expenses in addition to the monthly support obligation, it is silent on whether he also must continue to pay the mortgage and automobile expenses. If the husband is required to pay those expenses, then the total award exceeds both the husband’s ability to pay and the wife’s need, as established by competent, substantial evidence.
We further find that the trial court abused its discretion in awarding the wife “undifferentiated” spousal and child support instead of calculating them separately. See Greenhouse v. Greenhouse, 913 So.2d 1201 (Fla. 4th DCA 2005); Blum v. Blum, 769 So.2d 1142, 1143 (Fla. 4th DCA 2000). The trial court’s failure to specify which share of the award was for spousal *954 support and which share was for child support has compounded our difficulty in evaluating whether the award is supported by the evidence. See Blum, 769 So.2d at 1143.
We therefore reverse the award of $6,500 per month in temporary undifferentiated spousal and child support and remand for the trial court to recalculate the husband’s monthly support obligations.

Reversed and remanded in part.

Warner, Levine and Forst, JJ., concur.