DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RENA AMRO,**
Appellant,

v.

**RONALD GAZZE,**
Appellee.

No. 4D16-3610

[June 6, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph A. Murphy, III, Senior Judge; L.T. Case No. 50-2010-DR-009316-XXXX-MB.

Jonathan Mann and Robin Bresky of Law Offices of Robin Bresky, Boca Raton, for appellant.

Cynthia L. Greene and Sonja A. Jean of Law Offices of Greene Smith Jean, P.A., Coral Gables, and Elisha D. Roy of Law Offices of Elisha D. Roy, P.A., West Palm Beach, for appellee.

CONNER, J.

The appellant ("Former Wife") appeals final orders entered after the appellee ("Former Husband") moved to enforce the final judgment dissolving their marriage and approving a marital settlement agreement between the parties. Former Wife raises four issues on appeal, contending the trial court erred by (1) awarding Former Husband costs with no basis identified for the award or explanation of the costs awarded; (2) awarding Former Husband six months of rent; (3) failing to articulate sufficient facts to award monetary damages to Former Husband for repairs to the former marital residence; and (4) awarding attorney's fees to Former Husband without identifying the basis for the award and articulating a reasonable hourly rate and a reasonable amount of time expended. We affirm the trial court without discussion on the first three issues. We reverse and remand as to the issue pertaining to the attorney's fee award.

We are satisfied, based on our review of the record, that the trial court awarded attorney's fees pursuant to the provisions of the marital

settlement agreement, which provided that a defaulting party was liable for attorney's fees. However, where a trial court fails to articulate the required findings as to a reasonable hourly rate or a reasonable number of hours expended, the award should be reversed and remanded with directions for the trial court to determine and articulate the required findings. *See Trainor v. Trainor*, 199 So. 3d 523, 524 (Fla. 4th DCA 2016); *Hay v. Hay*, 944 So. 2d 1043, 1048 (Fla. 4th DCA 2006). Because the trial court failed to make factual findings regarding the reasonable hourly rate or the reasonable number of hours expended for the attorney's fees awarded, we reverse the award and remand the case for the trial court to make the appropriate findings and determination as to the amount of attorney's fees to award Former Husband. If needed, the trial court is permitted to conduct further proceedings as to the amount of fees, but not entitlement.

*Affirmed in part, reversed in part, and remanded.*

LEVINE and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***