DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEBRA A. JOOSTE**,
Appellant,

v.

**MICHAEL W. JOOSTE**,
Appellee.

No. 4D18-2736

[May 8, 2019]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502017DR009547XXXNB.

Brittani S. Gross, Doreen Inkeles and Charles D. Jamieson of The Law Firm of Charles D. Jamieson, P.A., West Palm Beach, for appellant.

Cash A. Eaton of Sasser, Cestero & Sasser, P.A., West Palm Beach, for appellee.

KUNTZ, J.

The Wife appeals a temporary relief order that awarded her temporary alimony and denied her request for temporary attorney's fees, suit money, and professional fees. The temporary relief order granted the Husband unsupervised timesharing with minor children. Finally, the court found the Wife had the need to receive temporary child support and that the Husband had the ability to pay for it, but it made no separate or express provision relating to child support.

We reverse the court's order for failing to make findings on child support. We also reverse the court's order denying the Wife temporary attorney's fees, suit money, and professional fees, for failing to consider the required factors. We otherwise affirm without discussion.

### i. The Court Failed to Award Child Support

The Wife argues the court erred by failing to make an express award of child support after finding that she established a need. The Husband partially concedes error but argues the court intended the alimony awarded in the temporary relief order to include both temporary alimony and child support.

The Husband acknowledges the court needed to identify the amount of the support award that was alimony and the amount that was child support. *See Van Maerssen v. Gerdts*, 213 So. 3d 952, 953 (Fla. 4th DCA 2017) (holding that undifferentiated spousal and child support is an abuse of discretion (citing *Greenhouse v. Greenhouse*, 913 So. 2d 1201 (Fla. 4th DCA 2005); *Blum v. Blum*, 769 So. 2d 1142, 1143 (Fla. 4th DCA 2000))).

He also concedes that the court erred in failing to identify the parties' respective incomes in its temporary relief order. *See Lopez v. Regalado*, 257 So. 3d 550, 558 (Fla. 3d DCA 2018) (recognizing that in awarding child support, the trial court must make findings on the parties' income (citations omitted)).

Based on the Husband's proper confession of error, we reverse the temporary alimony order.

### ii. The Temporary Fee Award Failed to Identify Factors

The court denied the Wife temporary attorney's fees and professional fees. The Wife argues the court failed to consider all factors required when awarding temporary attorney's fees and costs.

To ensure that both parties have the ability to obtain competent legal counsel, a court is permitted to award reasonable attorney's fees and costs. *Nichols v. Nichols*, 519 So. 2d 620, 621 (Fla. 1988) (citations omitted); § 61.16(1), Fla. Stat. (2018). "[T]he appropriate inquiry and standard to be applied is the same whether the fees requested are temporary or final." *Nichols*, 519 So. 2d at 622 (citations omitted). *But see Kasm v. Kasm*, 933 So. 2d 48, 51 (Fla. 2d DCA 2006) ("It seems to me that the process of setting a temporary award of attorneys' fees in a divorce proceeding should not be subjected to the same rigors as a final award." (Altenbernd, J., concurring) (citations omitted)).

That inquiry "is whether one spouse has a need for suit money and the other has the ability to pay" and also requires the court to "determine the reasonableness of any attorney's fees and costs prior to ordering a party

to pay them." *Duncan v. Duncan,* 642 So. 2d 1167, 1168 (Fla. 4th DCA 1994) (citations omitted). The Florida Supreme Court provided other factors to consider,

> such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.

*Rosen v. Rosen,* 696 So. 2d 697, 700 (Fla. 1997).

Here, the court did not make findings on the complexity of the case, the Wife's need for temporary fees, the Husband's ability to pay temporary fees, or the reasonableness of the fees sought. Instead, it compared the amount the Wife paid for professional services to the amount the Husband paid. Because the Wife paid twice the amount as the Husband, the court denied her temporary fees.

The court therefore erred when it considered no factors other than the amount paid by each party. As a result, we reverse the order denying the Wife temporary fees, suit money, and professional fees.

### *iii.    Conclusion*

Based on the Husband's confession of error, we reverse the court's order relating to child support. We also reverse the court's order denying the Wife temporary fees, suit money, and professional fees. The case is remanded for further proceedings.

*Affirmed in part; reversed in part; and remanded.*

GERBER, C.J., and CIKLIN, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**