DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATRINA KENNEDY,**
Appellant,

v.

**JOHN SCOTT KENNEDY** and **ROBERT L. KENNEDY, INC.,**
Appellees.

No. 4D20-2773

[November 3, 2021]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2020-DR-003652-XXXX-NB.

Tami L. Augen Rhodes of The Law Offices of Tami L. Augen, P.A., West Palm Beach, for appellant.

Steven Cripps of Law Offices of Orsley & Cripps, PA, West Palm Beach, for appellee John Scott Kennedy.

PER CURIAM.

The wife in a pending divorce appeals a nonfinal order partially granting her motion for temporary relief. She argues that the trial court abused its discretion in imputing income to her, in failing to award her the full amount of her requested temporary fees and costs, and in failing to make specific findings about the reasonableness of her counsel's hourly rate and the number of hours expended. As discussed below, we reverse in part.

The parties have been separated for fourteen years and have been living in different states. The trial court found that neither party's financial affidavit was true and accurate, the husband's testimony about his finances was not credible, and the wife's actual monthly expenses were far less than what she was requesting in temporary support.

The wife has not been engaged in the labor market for twenty-five years. However, having determined that the wife was not physically or mentally incapable of working, the trial court sua sponte imputed minimum wage income to her. Furthermore, the trial court ordered the husband to

continue paying the amount he was voluntarily paying to the wife while they have been separated.

We agree with the wife that the trial court erred in imputing income to her where the husband did not request the court to impute income and where the issue was not otherwise before the court. Because the wife did not have notice or opportunity to be heard before the trial court imputed income to her, we reverse and remand the temporary support order for further proceedings.

We affirm the remaining claims. Although the attorney's fees award was less than the full anticipated fees and costs to litigate the case through trial, the court awarded substantially more suit money than the wife had already incurred. The trial court was not required to award the full anticipated costs of litigating the case through trial in the temporary relief order.

Further, the trial court's failure to make specific findings in a temporary fee award is not per se reversible error. *Piluso v. Piluso*, 622 So. 2d 117, 118 (Fla. 4th DCA 1993). This is not a case where specific findings are necessary for meaningful review. *See, e.g., Moore v. Kelso-Moore*, 152 So. 3d 681, 682-83 (Fla. 4th DCA 2014) (reversing a $97,538.70 temporary fee award to the wife where the husband challenged the reasonableness of the hours billed, and the trial court found the hours expended were unreasonable but failed to determine the reasonable hours and a reasonable rate or otherwise explain the award amount). Record evidence supports the amounts awarded to date and nothing precludes the wife from asking for additional litigation funds as the need arises.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

CIKLIN, FORST and ARTAU, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**