DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRENDA FAYE ALIZZI,**
Appellant,

v.

**JOSEPH BRADFORD ALIZZI,**
Appellee.

No. 4D22-1183

[November 9, 2022]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Johnson, Judge; L.T. Case No. 502020DR007608MB.

James D. Tittle of Tittle, Kairalla & Logan, PL, West Palm Beach, for appellant.

Abigail Beebe of Beebe Armstrong, LLP, West Palm Beach, for appellee.

GERBER, J.

The wife appeals from the circuit court's order granting in part and denying in part her amended motion for temporary relief. Although the wife sought $10,174.00 in temporary monthly support, the circuit court directed the husband to pay the wife only $1,494.00 in temporary monthly support. The circuit court also wholly denied the wife's request for the husband to pay the wife's temporary attorney's fees and costs, which had totaled $128,798.12 by the time of the temporary relief hearing. The wife argues both rulings were in error. Although we reverse both rulings, the relief which we grant is not as great as the relief which the wife seeks.

### *Procedural History*

The parties had a twenty-three-year marriage. The parties separated when they were in their late sixties. Before the parties' separation, they had owned a successful restaurant and had lived in an expensive home. Upon the parties' separation, the wife moved into the three-bedroom home of her daughter from a previous marriage.

The parties had been separated for sixteen months by the time the circuit court heard the wife's amended motion for temporary relief. During that hearing, the wife testified as follows. When the parties separated, she retained an attorney and a forensic accountant for the ensuing dissolution action. At that time, her liquid assets consisted of $82,000 in two checking accounts and $215,000 in her IRA.

Sixteen months later, by the time of the temporary relief hearing, the wife had paid a total of $128,000 in attorney's fees and forensic accounting fees. The wife also had withdrawn $75,000 from her IRA to use towards her daughter's down payment on a larger four-bedroom house in which she, her daughter, and her daughter's two sons would live. Those and other expenses had reduced the wife's liquid assets to approximately $10,000 in her checking accounts and $72,000 in her IRA.

The wife also had incurred a $40,911 tax penalty for withdrawing funds from her IRA. The wife further owed another $17,000 in attorney's fees and $6,300 in forensic accounting fees. The wife's health insurance also cost $781 per month, and she paid $1,800 in monthly rent and utilities to her daughter. The wife's only income was from Social Security and a pension which combined to provide $3,424 per month. The wife testified she required the husband's support to enable her to live in the manner which she had enjoyed before the separation.

The wife's forensic accountant testified the wife's net worth was approximately $36,000. The accountant further determined the wife's financial needs, after offsetting income, was $10,174 per month, including $7,000 for monthly rent for her own furnished apartment. However, the accountant conceded those amounts were not the wife's actual expenses, but were anticipated expenses based on her historical lifestyle and expenses before the parties' separation.

The husband's forensic accountant testified that, pursuant to the wife's second amended financial affidavit, her actual expenses totaled $6,858 per month. The husband's accountant agreed with the wife's income calculation.

After the hearing, the circuit court entered a written order granting in part and denying in part the wife's amended motion for temporary relief. The circuit court began by finding "[t]here is no question that the Husband has the ability to pay temporary support." The circuit court then made findings regarding the wife's income which mirrored the amounts to which the wife and the accountants had testified. However, regarding the wife's needs, the circuit court concluded, in pertinent part:

In determining whether and to what extent an award of temporary alimony is proper, the Court is to look at the Wife's actual need and the Husband's ability to pay, taking into account the parties' standard of living, the parties['] ages, the employment history and ability of the parties, as well as the other factors under Florida Statute Section 61.08.

The Wife has included in her "needs" extras, gifts, expenses she is not actually incurring and other items not appropriate for purposes of Temporary Relief.

....

Although temporary awards of alimony are within the trial court's broad discretion, they must be supported by competent, substantial evidence that demonstrates the actual need for support and the paying spouse's ability to pay.

The temporary alimony request in this case is not accompanied by any evidence concerning the Wife's actual need for this award of temporary support.

....

Applying the Wife's net income ... pursuant to the Wife's Second Amended[] Financial Affidavit ... the Court finds the Wife actual needs to be $1,494.00 per month for purposes of temporary alimony.

(paragraph numbers and internal citations omitted).

The circuit court also concluded the wife had failed to present competent substantial evidence that she had a need for the husband to pay her temporary attorney's fees or costs. The circuit court reasoned, in pertinent part: "[T]he Wife has utilized funds available to her for both her actual needs and attorney's fees and costs, diminishing her available assets and income during the pendency of this litigation, while gifting ... $75,000.00 to her adult child[]." The circuit court added the following finding to support its conclusion: "[T]he Wife's three (3) financial affidavits all indicate her net worth to be in excess of $3.8 [million]."

At the end of its order, the circuit court added that it had "the ability and discretion to determine whether or not to award any retroactive ... support or fees to the Wife once the Court is able to assess the Wife's need after a determination of the ultimate issues in this matter." Thus, the

circuit court "reserve[d] jurisdiction with regard to the issue of retroactive alimony and retroactive attorney's fees and costs."

## *This Appeal*

This appeal followed. The wife argues the circuit court erred in: (1) directing the husband to pay the wife only $1,494 in temporary monthly support; and (2) wholly denying the wife's request for the husband to pay the wife's temporary attorney's fees and costs.

We review a circuit court's decision on temporary spousal support and temporary attorney's fees and costs for an abuse of discretion. *Trainor v. Trainor*, 199 So. 3d 523, 524 (Fla. 4th DCA 2016). Further, a temporary relief award must be supported by competent, substantial evidence. *Van Maerssen v. Gerdts*, 213 So. 3d 952, 953 (Fla. 4th DCA 2017).

### *1. Temporary Monthly Support*

On the temporary monthly support issue, we agree with the circuit court's finding that the wife's requested financial need of $10,174 per month, including $7,000 for monthly rent, was not supported by competent substantial evidence. As the wife's forensic account candidly acknowledged, those amounts were not based on the wife's actual expenses, but the wife's anticipated expenses. *Cf. Ard v. Ard*, 208 So. 3d 1288, 1288 (Fla. 1st DCA 2017) (reversing temporary alimony award where the award was based on anticipated household expenses which the wife testified she would incur when she moved from her mother's home, but no evidence existed as to when this move, with its corresponding expenses, was to occur). The wife has not resided in, nor did the evidence indicate she will reside in, a furnished rental apartment which would cost $7,000 per month. Instead, the wife chose to give her daughter $75,000 towards a down payment on a larger four-bedroom house in which both of them now reside, and the wife is paying her daughter $1,800 monthly for rent and utilities.

The wife's argument that she was entitled to additional temporary support solely based upon the standard of living during the marriage lacks merit. *See Donoff v. Donoff*, 940 So. 2d 1221, 1225 (Fla. 4th DCA 2006) ("The standard-of-living is not a super-factor in setting the amount of alimony—trumping all others. ... When the living standard during marriage was significantly high and the payor has the ability to pay more than minimum wage (so to speak), its purpose is to avoid having alimony set at bare subsistence levels.").

4

Although we agree with the circuit court's finding that the wife's requested financial need of $10,174 per month was not supported by competent substantial evidence, we see no competent substantial evidence in the record to support the circuit court's ruling directing the husband to pay the wife only $1,494 in temporary monthly support. As the husband's forensic accountant testified, pursuant to the wife's second amended financial affidavit, her expenses totaled $6,858 per month. Also, the husband did not dispute that the wife's only income was from Social Security and a pension which combined to provide $3,424 per month. Thus, based on the circuit court's findings that the wife had a need for, and the husband had the ability to pay, temporary monthly support, the circuit court's ruling should have directed the husband to pay the wife at least $3,434 in temporary monthly support.

For this reason, we reverse the circuit court's temporary monthly support award of $1,494, and remand for the circuit court to enter a temporary monthly support award of $3,434, retroactive to the date of the circuit court's order on the wife's amended motion for temporary relief. If further discovery reveals, or a final disposition determines, that the temporary support order is inequitable or based upon improper calculations, any inequity can be resolved in the final judgment, after a full and fair opportunity to be heard. *Ghay v. Ghay*, 954 So. 2d 1186, 1190 (Fla. 2d DCA 2007).

*2. Temporary Attorney's Fees and Costs*

We also must reverse the circuit court's denial of the wife's request for the husband to pay any of the wife's temporary attorney's fees and costs.

Ordinarily, we would have affirmed the circuit court's denial of temporary attorney's fees and costs, if the circuit court had determined the wife failed to present competent substantial evidence that she had a need for the husband to pay her temporary attorney's fees or costs. *See Von Baillou v. Von Baillou*, 959 So. 2d 821, 823 (Fla. 4th DCA 2007) ("If one party has no financial need for fees, the other party cannot be compelled to pay them solely because his or her sizeable assets minimize the financial strain of such a payment.").

However, what gives us pause here is that the circuit court, in concluding the wife had failed to present competent substantial evidence that she had a need for the husband to pay her temporary attorney's fees or costs, added the following finding to support its conclusion: "[T]he Wife's three (3) financial affidavits all indicate her net worth to be in excess of $3.8 [million]."

5

A review of the wife's financial affidavits indicates that the wife's reported $3.8 million net worth was comprised of the jointly titled marital home—valued at approximately $3.5 million—which the husband continued to occupy after the parties' separation, and other alleged marital assets. Because those assets are not available to the wife as sources to pay her attorney's fees and costs, the circuit court erred in considering those assets in denying the wife's request for the husband to pay any portion of the wife's temporary attorney's fees and costs. *See Kelly v. Kelly*, 491 So. 2d 330, 330 (Fla. 1st DCA 1986) ("[W]e find that the trial court abused its discretion in failing to award the wife an attorney's fee. … The majority of her property award does not become liquid until the marital home is sold. Without liquid assets, she is in a substantially worse financial position in the short run than the husband."); *cf. Hasson v. Hasson,* 339 So. 3d 1006, 1008 (Fla. 4th DCA 2022) ("While a court is not prevented from considering non-liquid assets when determining ability to pay temporary fees, here, the court did not make sufficient findings showing the husband could convert these assets to cash in order to pay the wife's fees within the time frame ordered[.]").

Thus, we remand for the circuit court to consider only the wife's available assets in determining the wife's request for the husband to pay the wife's temporary attorney's fees and costs. Nothing in this opinion should be interpreted as suggesting the circuit court's ruling on remand on this issue.

*Reversed and remanded for proceedings consistent with this opinion.*

MAY and CONNER, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***