DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EHAB NASEF,**
Appellant,

v.

**MONICA EDDY,**
Appellee.

No. 4D22-3046

[July 26, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado and Melanie Dale Surber, Judges; L.T. Case No. 50-2019-DR-004842-XXXX-SB.

Jonathan Mann and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Troy William Klein, West Palm Beach, for appellee.

CIKLIN, J.

In this appeal from a paternity judgment, the appellant, Ehab Nasef, Sr. ("father"), challenges two orders that preceded the judgment: (1) the amended order awarding attorney's fees to the appellee, Monica Eddy ("mother"), and (2) the order denying the father's petition to modify previous decrees that controlled parental responsibility and timesharing. We reverse the attorney's fees order and remand for the trial court to make required findings, but we otherwise affirm the attorney's fees order. With respect to the order denying modification, we strike the portion of the order finding the father in contempt because the issue of contempt was not properly before the court. However, we affirm the trial court's ruling that the father failed to establish a substantial, material, and unanticipated change in circumstances to warrant modification of parental responsibility and timesharing.

The father first challenges the trial court's award of attorney's fees to the mother, asserting that the court failed to make a finding as to the reasonableness of the hours expended. Although the trial court made findings regarding the number of hours expended on the case by the

mother's counsel, it did not make any findings as to whether the hours expended were reasonable. This was error. *See Amro v. Gazze*, 244 So. 3d 334, 334 (Fla. 4th DCA 2018) (reversing because the trial court "failed to make factual findings regarding . . . the reasonable number of hours expended for the attorney's fees awarded"); *Powell v. Powell*, 55 So. 3d 708, 709 (Fla. 4th DCA 2011) ("The law is well established that the trial court must set forth specific findings concerning . . . the number of hours reasonably expended . . . ."). Consequently, we reverse and remand for the trial court to address the reasonableness of the hours expended on the case by the mother's attorney.

Second, in its order denying the father's modification petition, the trial court found the father in contempt and awarded the mother makeup timesharing. This was error, as the issue of the father's contempt was not before the trial court. *See Romero v. Brabham*, 300 So. 3d 665, 668 (Fla. 4th DCA 2020) ("[C]ourts are not authorized to award relief not requested in the pleadings. To grant unrequested relief is an abuse of discretion and reversible error." (alteration in original) (quoting *Stover v. Stover*, 287 So. 3d 1277, 1279 (Fla. 2d DCA 2020))). The mother contends that the father's contempt was tried by implied consent. She relies on the father's failure to object to certain testimony related to the father's allegedly contemptuous conduct. But the testimony was relevant to matters properly before the court, and thus, the father's failure to object to such testimony did not constitute consent to try the contempt issue. *See Fed. Nat'l Mortg. Ass'n v. Trinidad*, 358 So. 3d 754, 758 (Fla. 4th DCA 2023) ("[A] failure to object cannot be construed as implicit consent to try an unpled theory when the evidence introduced is relevant to other issues properly being tried." (quoting *Anchor Prop. & Cas. Co. v. Trif*, 322 So. 3d 663, 670 (Fla. 4th DCA 2021))). We remand for the trial court to strike the portion of the order finding the father in contempt and awarding makeup timesharing.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2