DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REBECCA ZALKIN,**
Appellant,

v.

**JEFFREY ZALKIN,**
Appellee.

No. 4D2023-2245

[August 7, 2024]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lorena V. Mastrarrigo, Judge; L.T. Case No. FMCE22-005878.

Douglas H. Reynolds and Brieonna S. Christopher of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Brandon S. Vesely and Shannon L. Troutman of The Florida Appellate Law Firm, P.A., St. Petersburg, for appellee.

PER CURIAM.

The wife in a pending divorce case appeals an order denying her motion for temporary alimony and temporary attorney's fees and costs. We affirm the denial of temporary alimony but reverse the denial of any award of temporary attorney's fees and costs.

An order on temporary alimony and temporary attorney's fees and costs is reviewed for an abuse of discretion. *Alizzi v. Alizzi*, 350 So. 3d 758, 761 (Fla. 4th DCA 2022). "[T]emporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances." *Trainor v. Trainor*, 199 So. 3d 523, 524 (Fla. 4th DCA 2016) (alteration in original) (quoting *Pedraja v. Garcia*, 667 So. 2d 461, 462 (Fla. 4th DCA 1996)).

As to the denial of temporary alimony, the court found that the wife's claimed expenses were greater than her actual expenses, that her father was supporting her by co-signing a lease on her apartment and paying the

rent as well as other expenses, and that the husband was continuing to pay many of her expenses and expenses of the marriage during the proceedings. The trial court did not abuse its discretion in denying temporary alimony.

As to an award of temporary attorney's fees, section 61.16(1), Florida Statutes (2023), provides: "The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter . . . ." "To ensure that both parties have the ability to obtain competent legal counsel, a court is permitted to award reasonable attorney's fees and costs." *Jooste v. Jooste*, 273 So. 3d 6, 8 (Fla. 4th DCA 2019) (citing *Nichols v. Nichols*, 519 So. 2d 620, 621 (Fla. 1988)).

The trial court denied the wife's request for temporary attorney's fees and costs primarily because it found that she had incurred higher fees than the court considered necessary. The court noted that the wife had chosen a large, expensive law firm, and her attorney had billed $35,000 more for representing her in the divorce case alone than the husband's attorney had billed for representing him in the divorce case and a related case. The court also explained that it was hesitant generally to award prospective fees because doing so encourages parties to go to trial instead of mediation. In addition, the court found that the wife's father was assisting her in paying her attorney's fees and rejected her testimony that she needed to repay him.

The trial court abused its discretion by denying any temporary award of fees based upon its findings that the wife's attorney was expensive, and an award of fees would only encourage further litigation rather than mediation. Neither is a proper criteria for a denial of temporary fees. *See Jooste*, 273 So. 3d at 8–9. The court should not force parties into settlement by depriving one spouse of the means to maintain the action. A court's hesitancy to award prospective fees because doing so may encourage trials could force a lesser-earning spouse into an unfavorable settlement, simply because the spouse could not afford adequate representation to pursue a legitimate claim.

In this case, there was a ten-to-one income disparity between the husband and the wife, and the husband had already spent $50,000 in attorney's fees. The wife's father had paid $25,000 toward her fees, but he had not covered the entire amount billed. Further, no evidence was adduced that the father intended to bankroll the entire proceeding going forward. Even if the wife may not be entitled to all the attorney's fees

which she had requested, the court erred in denying her motion for reasons other than the parties' relative financial resources. *See* § 61.16, Fla. Stat (2023); *Jooste*, 273 So. 3d at 8–9.

For the foregoing reasons, we affirm the denial of an award of temporary alimony and reverse the denial of temporary attorney's fees and costs and remand for a reconsideration of the same.

*Affirmed in part and reversed in part.*

WARNER, GROSS and ARTAU, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***