DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT M. COHEN,**
Appellant,

v.

**KATYA L. COHEN** n/k/a **KATYA STUBBLEFIELD,**
Appellee.

No. 4D2024-1339

[June 18, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 502020DR007069XXXXSB.

Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Jonathan Mann and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellee.

KUNTZ, J.

The Former Husband appeals the circuit court's order denying his Amended Motion to Determine Entitlement to Attorney Fees. The circuit court denied the motion because the Former Husband failed to present expert testimony to corroborate the reasonableness of the fees. We reverse because section 61.16(1), Florida Statutes (2024), provides an exception to the general rule that expert testimony is necessary to establish the reasonableness of attorney's fees.

## *Background*

The parties entered into a marital settlement agreement (MSA) and parenting plan that was incorporated into a final dissolution of marriage. The parties disclaimed spousal support, but the parenting plan stated the Former Husband must pay $81.97 in monthly child support for their two minor children.

Two years later, the Former Wife filed a motion for contempt, alleging that the Former Husband had failed to pay child support. In response, the Former Husband argued that, before entry of the final judgment, the parties agreed in a separate writing that they would not pay child support to "each other" but to "the child directly in the form of discretionary costs . . . ." The separate agreement also stated that "neither party shall make a claim for child support unless a showing for good cause can be made of a bad faith intent by one party or the other in providing for the needs of the children." Based on the separate agreement, the Former Husband argued he did not owe child support because the Former Wife had not alleged he failed to provide for the children's needs.

A magistrate judge ultimately concluded the separate agreement was a valid contract. And while the MSA did not reference or incorporate the separate agreement, the MSA did allow amendment or waiver of its provisions if done in writing. Because the separate agreement was valid, and because the Former Wife did not allege or prove that the child support monies were not used to pay for the children's needs, her motion for contempt failed. The circuit court adopted the magistrate judge's recommendation.

After the circuit court ruled on the merits of the Former Wife's motion, the Former Husband moved for attorney's fees. His motion was based on the MSA's attorney's fee provision:

> 16. **ENFORCEMENT**; **DEFAULT**: Should either Party retain counsel and file an action in a court of competent jurisdiction for the purpose of enforcing or preventing the breach of any provision, including but not limited to any action for enforcement or damages by reason of any alleged breach of this marital settlement agreement, for a declaration of the Party's rights or obligations, or any other judicial remedy, the prevailing Party (as provided under Florida law) shall be entitled to be reimbursed by the losing Party for all reasonable costs and expenses incurred, including but not limited to, reasonable attorney's fees and costs for the services rendered to the prevailing Party.

The Former Husband's motion did not identify any other authority as a basis for an attorney's fees award.

2

At a hearing, the Former Husband's counsel testified and outlined the amount of fees and costs sought. The Former Wife did not object to the testimony or evidence. The circuit court explained that "the prevailing party gets their fees and costs" under the MSA and "there's no way this court can interpret it otherwise." At the end of the hearing, the circuit court requested a proposed order from the Former Husband.

Two weeks later, the circuit court issued a written order concluding the Former Husband was the prevailing party and that the fees and costs sought were reasonable. Yet the circuit court denied fees based on another reason not raised by either party. The circuit court conducted its own research to find that, generally, independent expert testimony is required if one party seeks to have the opposing party pay its attorney's fees. Although the circuit court recognized that "matters under Chapter 61 do not generally require an expert," the circuit court denied the Former Husband's motion for attorney's fees because the Former Husband did not present an independent expert to testify about the reasonableness of the fees.

### *Analysis*

The Former Husband raises multiple issues on appeal. On the merits, he argues the circuit court erred denying his attorney's fees motion because under section 61.16(1), Florida Statutes (2024), he did not need to present expert testimony to corroborate the reasonableness of his attorney's fees. We agree with the Former Husband's argument, which renders his remaining arguments moot.

Generally, independent expert testimony is required to recover attorney's fees from an opposing party. *Robin Roshkind, P.A. v. Machiela*, 45 So. 3d 480, 481 (Fla. 4th DCA 2010) (citing *Sea World of Fla., Inc. v. Ace Am. Ins. Cos., Inc.*, 28 So. 3d 158, 160 (Fla. 5th DCA 2010)). The expert witness must testify regarding the reasonableness of the attorney's fees to establish the amount of the award. *See Crittenden Orange Blossom Fruit v. Stone*, 514 So. 2d 351, 352-53 (Fla. 1987).[1]

But the general rule has exceptions and one such exception applies here. Section 61.16(1) provides:

---

[1] We have questioned the wisdom and efficiency of this practice. *See, e.g.*, *Island Hoppers, Ltd. v. Keith*, 820 So. 2d 967, 972 (Fla. 4th DCA 2002), *rev'd on other grounds*, *Sarkis v. Allstate Ins.*, 863 So. 2d 210 (Fla. 2003).

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals. . . . **An application for attorney's fees, suit money, or costs, whether temporary or otherwise, shall not require corroborating expert testimony in order to support an award under this chapter**.

§ 61.16(1), Fla. Stat. (2024) (emphasis added).

We recognized the applicability of this exception in *Moore v. Kelso-Moore*, 152 So. 3d 681 (Fla. 4th DCA 2014). In *Moore*, the circuit court in a dissolution of marriage action awarded the wife temporary attorney's fees. *Id.* at 682. The husband challenged the award, arguing in part the wife had not presented expert testimony supporting the reasonableness of the fees an associate and paralegal incurred working on her case. *Id.* at 683. We rejected the husband's argument, recognizing that "section 61.16(1), Florida Statutes, expressly does not require corroborating expert testimony to support an award of fees. As the wife's principal attorney testified to the rates charged and the husband provided no contrary evidence, the trial court could rely on those rates in setting the fee." *Id.*

Similarly, in *Fetchick v. Fetchick*, 346 So. 3d 209 (Fla. 5th DCA 2022), the Fifth District held that the section 61.16(1) exception applies equally to actions to enforce a final judgment of dissolution. In *Fetchick*, the father filed a motion for contempt claiming the mother violated the time-sharing plan within their final judgment of dissolution. *Id.* at 210. The father sought attorney's fees in connection with the motion. *Id.* at 210-11. At an evidentiary hearing, the father's attorney attempted to call himself as a witness to testify about the attorney's fees he had incurred, but the trial court did not permit the testimony. *Id.* at 211. The trial court ultimately ruled for the father but refused to establish the fee amount without corroborating expert testimony. *Id.* at 211-12. The Fifth District ruled this was error, holding that "[s]ection 61.16 expressly states that such evidence is not required." *Id.* at 212. Instead, the trial court should have let the father's counsel testify about the reasonableness of his fees. *Id.*

The Former Husband argues this case is "indistinguishable" from *Fetchick* and that section 61.16(1) eliminated the need for him to present

an independent expert. For her part, the Former Wife counters that section 61.16(1) is narrower. She argues that the Former Husband did not move for fees "pursuant to section 61.16 based on the relative financial resources of the parties." Instead, he moved for fees based on the MSA. Therefore, she argues section 61.16(1)'s exception to Florida's general rule did not apply, and the Former Husband had to corroborate his fees with independent expert testimony.

We disagree with the Former Wife. In 1993, the Florida Legislature amended chapter 61.16 to include language that corroborating expert testimony is not necessary to support an award under this chapter. *See* Ch. 93-188, § 6, Laws of Fla.; *Safford v. Safford,* 656 So. 2d 485, 486 (Fla. 2d DCA 1994) (noting the amendment to section 61.16 took effect October 1, 1993). The Legislature did not carve out only section 61.16—it carved out all of chapter 61. The circuit court proceeding here was, in fact, a chapter 61 proceeding. As a result, corroborating expert testimony was unnecessary. Because the circuit court otherwise found the Former Husband was the prevailing party and that the fees sought were reasonable, the Former Husband is entitled to an award of the requested fees.

### Conclusion

In a chapter 61 proceeding, the movant need not present expert testimony to corroborate the reasonableness of attorney's fees. As a result, we reverse the circuit court's order and remand for entry of an order consistent with this opinion.

*Reversed and remanded.*

GROSS and CIKLIN, JJ., concur.

\*  \*  \*

**Not final until disposition of timely filed motion for rehearing.**

5